HARRY AND HENRY WEISKOPH, PLAINTIFFS IN ERROR, VS. ABBY J. DIBBLE, DEFENDANT IN ERROR.

1. Under the statute the writ of error in a civil case, when the defendant in the Circuit Court applies therefor, issues on demand as a matter of right. No bond is required in such case unless a supersedeas is desired.

2. A *scire facias ad audiendum errores* is "process" within the meaning of the Constitution of this State. The "style" of process the Constitution provides shall be, "The State of Florida." This is a formal requirement, and if omitted may be corrected by amendment under our statute of amendment.

Writ of Error to the Circuit Court of Duval county.
The facts of the case are stated in the opinion.

*A. A. Knight* and *M. C. Jordan* for the motion.

*Cockrell & Walker, contra.*

MR. JUSTICE WESTCOTT delivered the opinion of the court.

This is a motion to dismiss this writ of error. Among the grounds urged in support of the motion is that there is no bond for costs given by the plaintiffs in error. The plaintiffs in error here were the defendants in the court below. At common law the defendant, upon a judgment being rendered against him in a civil case, was entitled to a writ of error as matter of right, and it operated as a supersedeas without bond. 2 Bac. Abridg't, Error B.

Under our statute the writ of error issues on demand as a matter of right, and no bond is required when the defendant in the Circuit Court sues out the writ, unless he wishes it to operate as a supersedeas. Then a bond is required. Thomp. Dig., 447, Sec. 4. A want of a bond is, therefore, no ground for dismissal of the writ.

Another ground urged as cause for granting the motion

is that the writ of error does not run and is not issued in the name of the State of Florida. Upon inspection of the record, we find that in fact the writ of error is issued in the name of the State of Florida. There is, therefore, nothing in this ground of the motion.

The last ground is that the *scire facias ad audiendum errores* is not issued in the name of the State of Florida. The record discloses that this is the fact, and the question arises whether the writ of error for this reason should be dismissed. The Constitution, Section 2, Article 6, provides that the style of all process shall be, " The State of Florida." Proceedings in error are the prosecution of a new suit or action, and questions as to the sufficiency of process arising in them are controlled to a great extent by the same rules as control in original actions. The citation in a writ of error performs the function of a summons *ad respondendum* in an ordinary action. The style of process is its title, and the title of process in civil cases has been the subject of amendment from a very early period in English history, (8 Co., 158 ; 1 Com., 579,) commencing with the statute of 14 Ed. III., Chap. 6, and embracing the various statutes of amendment mentioned in Thompsons's Compilation of British Statutes in force in this State. (Thomp. Comp., pp. 13 to 40.) It may be conceived that this *formal* requirement being in the Constitution is more binding upon the judiciary than if in an ordinary statute. Such, however, is not the case. We are as much bound by the one as the other, if the statute is within the powers of the Legislative Department of the government. It is equally the subject of amendment in one case as in the other. 2 Pick., 594 ; 32 N. H., 88 ; 15 N. H., 37 ; 7 Ark., 536 ; 15 Fla., 423. As covering the precise point here, see 10 Wis., 100 ; 35 Mo., 196.

Motion denied.