JOHN JOOST, APPELLANT, VS. CHARLES G. ELLIOTT, APPELLEE.

P. TISCHLER, APPELLANT, VS. L. W. WALL, APPELLEE.

1. A paper purporting to be a citation which is not properly tested, and which is not served by an authorized officer, is not a legal notice of an appeal.

2. Writs issuing from this court or by the Clerk of the Circuit Court, which serve the purposes of writs of this court, should be tested in the name of the Chief-Justice of this court. There is no law authorizing any writ to be tested in the name of the Judge of the Circuit Court.

Appeals from the Circuit Court for Duval county.

The appellees moved to dismiss. The other facts are stated in the opinion.

*M. C. Jordan* for Wall, movant.

*T. A. McDonnell* for Joost, Appellant.

*J. W. Archibald* for Elliott, movant.

*Jno. T. & Geo. U. Walker* for Tischler, Appellant.

MR. JUSTICE WESTCOTT delivered the opinion of the court.

In one of the above cases, Tischler vs. Wall, the citation is tested in the name of the Judge of the Circuit Court, and is served by an individual, not an officer of the court.

All writs issuing from the Circuit Court, except writs of error, under the act of February 10, 1832, Thomp. Dig., 447, sec. 4, are by the statute required to be tested in the name of the Clerk of the Circuit Court, and all writs issuing from this court or by the Clerk of the Circuit Court which serve the purposes of writs of this court should be tested in the name of the Chief-Justice of this court, where the statute does not otherwise direct. There is no statute in this State authorizing or requiring any writ to be tested in the name of the Judge of the Circuit Court. We thus have no legal citation, and no legal service of what purports to be a citation.

In the other case, Joost vs. Elliott, there is no citation and none has been issued. The appeals are taken to this term. The consequence is that these appeals must be dismissed for want of any legal citation. While discussing this subject we will remark, in order that the proper practice may be known, that the originals of all writs by which parties are brought into this court, whether they have issued from this court or by the Clerk of the Circuit Court, should accompany the transcript of the record here if service has been perfected when the record is filed, and if service has not been then perfected the writ should be returned to this court when served and by the proper return day. These judicial writs perform, to a great extent, the same function here that the original or summons *ad respondendum* performs in ordinary actions in the Circuit Court.

In one of these cases service of citation was made by a private person, not an officer. There is no rule of court or statute of the State which authorized such a proceeding. It is, therefore, no legal notice.

Our attention has been called to the case of Dayton vs. Lash, 4 Otto, 112. The difference between that case and

this is that in that case there was a legal citation not served, while in these cases we have no legal citation.

The appeals are dismissed for want of legal citation.