# DECISIONS

OF THE

# SUPREME COURT OF FLORIDA,

## JANUARY TERM, 1885.

ALVA A. KNIGHT ET. AL., PLAINTIFFS IN ERROR, VS. H.
& H. WEISKOPF, DEFENDANTS IN ERROR.

1. A paper purporting to be a writ of *scire facias ad audiendum errores,*
which is not tested, and is otherwise informal, and which is not
served by an authorized officer, is not a legal writ.

2. A writ of *scire facias ad audiendum errores,* issuing from the Su-
preme Court, or by the Clerk of a Circuit Court as a writ of the
Supreme Court, should be tested in the name of the Chief
Justice of the Supreme Court. Such a writ cannot lawfully be
tested in the name of the clerk issuing it.

3. Process of the Supreme Court, whether issued by its Clerk or the
Clerk of a Circuit Court, must be served by the Sheriff of the
Supreme Court or his legally authorized deputy. The Sheriff of
the county in which the Supreme Court is held is the Sheriff of
the Supreme Court, Section 4, p. 937, McC's Digest, (section
11, act of February 10, 1882,) is not in force.

Writ of Error to the Circuit Court for Duval county.

The defendants in error moved to dismiss the writ.

The other facts of the case are stated in the opinion.

*A. W. Cockrell & Son* for the motion.

*M. C. Jordan, contra.*

MR. JUSTICE RANEY delivered the opinion of the court :

1. This is a motion to dismiss the writ of error. The final judgment sought through such writ to be reversed was rendered at the the fall term, A. D. 1882, of Duval Circuit Court, which adjourned in December of that year. The writ of error issued out of the Clerk's office of such Circuit Court on the fourth day of April, 1884, on which day the Clerk certified the record to this court in compliance with the writ, and the same was filed here at the ensuing June term, when the defendants in error, who were plaintiffs below, moved to dismiss the writ on the grounds that the *scire facias ad audiendum errores* had "not been served on them as required by law," and that the "service" thereof had " not been perfected as required by law." This motion was continued to the present term, and on the hearing before us it was amended by adding as an additional ground that such *scire facias* " was not issued or *tested* as required by law."

The *scire facias* is *tested* in the name of the Hon. James M. Baker, Judge of the Circuit Court, and also in that of " T. E. Buckman, clerk" thereof. The return of the service is as follows :

"May 9th, 1884.—Executed the within by handing a true copy thereof to Harry Weiskopf, and by leaving a true copy with Harry Weiskopf for Henry Weiskopf, and by showing him at the same time this original.

" URIAH BOWDEN, Sheriff D. C.

" By T. E. WILLIAMS, Dep."

Section 9, of the Act of 1868, (chapter 1626,) organizing, this court, provides that " the sheriff of the county in which the court is held, shall be the Sheriff of the Supreme Court, and shall in person or by deputy attend its

sessions and serve all process required to be served." This court is held only in Leon county, and the sheriff thereof is consequently the sheriff of the court. There is no subsequent statute or rule of court changing the law as above provided, nor is there any pretence that either Bowden or Williams had been deputized by the sheriff of Leon, as sheriff of this court, to serve the writ, which, though issued by the Clerk of the Circuit Court, is the writ of this court, the same as if it had been issued by the Clerk of this court. The Sheriff of Duval county having no statutory authority to serve writs of this court, and not being deputized by the sheriff of this court to act for him, the service is of no more effect than if it had been made by any person not an officer, and is consequently illegal. In Tischler vs. Wall, 20 Fla., 924, where a citation held to be illegal was served on an appellee "by an individual not an officer of the court," Mr. Justice Westcott, speaking for the court, says: " We thus have no legal citation *and no legal service of what purports to be a citation.*" We cannot do away with the statutory provision quoted.

Section 4, pages 937, 938, of McClellan's Digest, is not in force, and has not been since the approval of Chapter 5, of our statutes.

2. In the case of Tischler vs. Wall, where the citation, issued by *the Clerk of the Circuit Court*, was *tested* in the name of the Circuit Judge, it is said: " All writs issuing from the Circuit Court, except writs of error, under the act of February 10, 1832, (Thomp. Dig., 447, §4,) are, by the statute required to be tested in the name of the Clerk of the Circuit Court, and all writs issuing from this (Supreme) Court or by the Clerk of the Circuit Court, which serve the purposes of writs of this court, should be tested in the name of the Chief Justice of this court, where the statute does not otherwise direct. There is no

statute in this State authorizing or requiring any writ to be tested in the name of the Judge of the Circuit Court." The appeal was dismissed in this case because ot the citation authorized by Rule 101, of Circuit Court Rules, being thus improperly tested, and of the illegal service alluded to above. If the *teste* in the name of the Circuit Clerk is proper in the case at bar, then it can hardly be contended that the use also of the Circuit Judge's name will vitiate it. Do the statutes of this State provide that a *scire facias ad audiendum errores* from this court may be tested in the name of the Clerk of the Circuit Court issuing it?

By the act of November 21, 1828, "relating to judicial proceedings," it was provided as to proceedings in the Superior and County Courts that all *process* should be tested "in the name ot the presiding Judge of the Court." On the 21st of November, 1829, an act entitled "an act to amend an act regulating judicial proceedings, approved November *23d*, 1828," was approved by the Governor. The only act passed in 1828, " regulating judicial proceedings," was that approved November *21st*, and just referred to, and, there being no other, it was meant notwithstanding the mistake as to the date of its approval. The seventh section of the act of 1829, provides that all process shall bear test in the name of the clerk issuing it, and is to be found in Thompson's Digest, sec. 4, p. 326, and McC.'s Dig., sec. 5, p. 811. The act of 1828 does not relate to proceedings in the court of appeals, but only to those in the Superior and County Courts, and the seventh section of the act of 1829 takes the place of the seventh section of the former act, covering the same subject, and making also provisions as to venue or the place of trial. In 1828, an act entitled " an act regulating the mode of suing out writs of error and prosecuting appeals in the court of appeals of the Territory of

Florida " was passed, it having been approved *November 12th,* of that year.   This act relates to appeals from the Superior Court to the Court of Appeals, and writs of error from the latter to the former.   In 1832, an act was passed with the same title, it having been approved February 10th, and being a revision of the former act.   Both of these acts provide that the writ of error contemplated thereby should be tested in the name of the presiding Judge of the Court of Appeals, and provide for issuing a *scire facias ad audiendum errores,* each directing that it shall be issued by the clerk issuing the writ of error, be returnable with the writ, and be served on the defendant in error, or if he be a non-resident, or be not in the territory, then on his legally authorized agent or his attorney in the court below, and at least twenty-five days before the first day of the Court of Appeals.   Section 6, on page 447 of Thompson's Digest, is, with the substitution of "Supreme Court" for "Court of Appeals," rendered necessary on the change of judicial system after becoming a State, the 9th section of the act of 1832 and in substance, the ninth section of the act of November 12, 1828.   It seems clear then that the act of November 21, 1828, " regulating judicial proceedings," did not cover the matter of *teste* of the " *sci. fa.,*" provided for by the act of November 12, 1828, the former relating in no wise to proceedings in the Court of Appeals, and it is equally clear that the purpose of section seven of the act of 1829 was to cover only the process covered by the act of November 21, 1828, *i. e.* process issuing from the Superior or County Courts.

Our conclusion is that there is no statute of this State authorizing a *scire facias* from this court under section 6, page 447, of Thompson's Dig., to be tested in the name of the Clerk of the Circuit Court who issues it, and therefore in

11

accordance with the decision in Tischler vs. Wall, we hold that it should have been tested in the name of the Chief-Justice of the court.

3. This, however, is not the only defect in this writ. It has no style of process: "The State of Florida," as required by section 2, of Art. 6, of the Constitution. This, it is true, is a "formal requirement," as held in Weiskopf vs. Dibble, 18 Fla., 22, and if it and the defect as to the *teste* were to be considered alone, might be cured by amendment. But we have here not only an imperfect writ, but there has for the reason stated, to say nothing of others apparent on the face of the return, been no legal service of it.

The U. S. Statute, as to writs of error, provides that there shall be annexed to and returned with the writ of error an authenticated transcript of the records, &c., " with a citation to the adverse party * * * ." In Lloyd vs. Alexander, 1 Cranch., 365, the writ of error was quashed because it was not accompanied by a citation, Chief-Justice Marshall remarking: "A citation not served is as no citation." In Kitchen vs. Randolph, 93 U. S., 87, Chief-Justice Waite says: " The citation was essential to the validity of the writ, and without it the writ would be quashed. The writ brought up the records and the citation the parties." In Villabolos vs. The United States, 6 How., 81, the citation was signed by the Clerk of the Superior Court of Florida, instead of the Judge, and consequently was not valid. The appeal was filed in the Clerk's office Nov. 25, 1838, but no further steps were taken till August 9, 1844, when the citation issued, and service thereof made on the 13th of the same month. Chief-Justice Taney delivering the opinion, says: " But if the citation had been properly signed it is too late. By the act of 1828 the claimant must appeal within four months, and the act of 1803 subjects appeals to the rules and regularities prescribed by law in cases of writs

of error.   Now the writ is always returnable to the term of the Appellate Court *next following the date of the writ*, and the *citation* required by the act of 1789 (which is the summons to the opposite party to appear) *must be returnable to the same term*, and unless the *writ and citation* are both *served* before the term the case is not moved to the Appellate Court, and the writ, if returned afterwards, will be quashed."

In the case of the U. S. vs. Curry, 6 How., 106, the appeal was filed in the Clerk's office Nov. 5, 1846.   The next term of the Supreme Court commenced on December 7. "But," says the court, "there was no citation to the adverse party to appear at that time, and consequently the case was not removed to this court upon that appeal.   The citation which issued on August 27, 1847, would not bring up an appeal returnable to the December Term, 1846."   In Bacon vs. Hart, 1 Black, 32, there was both a writ of error and a citation and there is no exception to the form of either.   There was, however, no proper service of the citation, and the motion was to dismiss "for want of service" thereof, and was granted.   The opinion by Judge Taney concludes thus: "The citation not being served on the party or his counsel, the cause is not brought into this court agreeably to the act of 1789, and the writ must be dismissed for want of jurisdiction."

In Castro vs. U. S., 3 Wall., an appeal was allowed November 11, 1864.   No citation was issued returnable to the next term of the Supreme Court, nor was the record filed and case docketed during the term.   On the 29th of May, 1865, citation was issued returnable to the December Term, 1865, and service of it acknowledged by the District Attorney and the writ returned and records filed at such term. "The appeal," says Chief-Justice Chase, "was allowed on the 11th of November, 1864, and the allowance, *with a citation*

*to the adverse party duly served,* and a copy of the records should have been sent here at the *next term.* This was not done and the appeal, therefore, became void. The citation subsequently issued was, consequently, without avail, for there was no subsisting appeal." It is plain from these authorities that a citation is essential to the writ, and that in the opinion of Chief-Justices Marshall, Taney and Chase, speaking for the court, service of the citation prior to the term to which it was returnable was equally essential.

In Dayton vs. Lash, 4 Otto, it was held that the language in Villabolos vs. U. S., and U. S. vs. Curry, as well as that in the City of Washington vs. Dennison, 6 Wall., is too broad, and that in neither of such cases " was it necessary to decide that a citation actually issued upon the allowance of an appeal must be served before the first day of the term in order to preserve jurisdiction and * * * that such an omission does not avoid the appeal." This case was called to the attention of this court in the cases of Joost vs. Elliott and Tischler vs. Wall, and Judge Westcott says: " The difference between that case and these is that in that case there was a *legal citation not served,* while in these cases we have no legal citation." We may add that in Bacon vs. Hart the sole question was as to the service of the citation, and the writ was dismissed for want of it.

Our statute requiring, as it does, that the *scire facias ad audiendum errores* shall be returnable with the writ of error, and that it shall be served on the defendant in error twenty-five days previous to the first day of the term of the Supreme Court, and the writ of error as well as the *sci. fa.* having in this case both been in time to be, as they were, returnable to the June Term 1884, and there having been no legal service of the *sci. fa.,* the motion must, in the light of Tischler vs. Wall, and other cases cited, be granted. In view of the defective character of the *sci. fa.* and want of service

the rule laid down in Tischler vs. Wall, if nothing else, constrains us from granting a new writ on terms as in Dayton vs. Lash.

The authorities cited show that the attempt to cure the mistake as to service, &c., by taking a new *sci. fa.* out of the Clerk's office in vacation is not effectual.

Let the writ be dismissed.