GUARANTEE TRUST AND SAFE DEPOSIT CO., ET AL., APPEL-
LANTS, VS. BUDDINGTON, WILSON & CO., ET AL., APPELLEES.

1. A citation issued by a Clerk of a Circuit Court on an appeal in
chancery is a process of the Supreme Court, and not of the Cir-
cuit Court, and it should be tested in the name of the Chief Jus-
tice of the latter court, and not in the name of the Clerk of the
former court.

2. The style of process and *teste* of writs are matters of form and
amendable.

3. A party who may be aggrieved by a decree in his separate interests,
or several parties who may be so aggrieved as to their united in-
terests, may take, the former his separate appeal, and the latter,
their joint appeal, without joining other parties adjudged against
by the same decree, but not united in interest in the matter de-
creed as to the party or parties appealing.

4. When such an appeal is taken it is not necessary to cite as appellees
a party whose interests will not be affected by any decree which
may be made as to the interests of such appellants.

5. The names of all the parties as to whom any decree or relief is
sought on the appeal should appear in the citation. If they do
appear the use of general or indefinite expressions in the cita-
tion as descriptive of such parties will not vitiate it.

6. Though the appointment by a sheriff of a general deputy, or under
sheriff, gives the latter authority to do any official act that the
former may do, except the appointment of a deputy, and any
arrangement between such sheriff and deputy by which the lat-
ter is not to perform certain official functions is repugnant to
the nature of the deputation and void as to the public, yet a
sheriff may appoint a special deputy to serve a process in a cer-
tain county, and such appointment will not confer authority to
serve it elsewhere.

7. Service of a writ by an officer having no authority, as such, to make
the service, cannot be sustained upon the theory that he was at
the time the deputy of the officer whose duty it was to serve it,
when the former had at the time no information of the latter's
intention to deputize him to do it.

8. Service of the citation in a chancery appeal on appellee therein by delivering a true copy to a member of his family in accordance with the statute regulating the service of a summons *ad respondendum* is not a legal service under the rule and statute prescribing the manner for service of such citation, where it is shown that the appellee was out of the State at the time the copy was delivered to the member of his family.

9. Where an appeal in a chancery cause has been entered and citation issued to all parties interested in maintaining the decree, in so far as it affects the interests of the parties appealing, and there has been service thereof, prior to the term of the appellate court to which the appeal is returnable, on one or more of such appellees, the failure to make legal service on the others does not vitiate the appeal, and the appellate court may issue a new citation returnable to its succeeding term.

Appeal from the Circuit Court for Clay county.

The facts of the case are stated in the opinion.

*Fleming & Daniel* and *A. W. Cockrell & Son* for the motion.

*H. Bisbee, contra.*

Mr. Justice Raney delivered the opinion of the court:

This is a motion to dismiss an appeal. It is made by the following partnership firms and persons, severally and not jointly : Buddington, Wilson & Co., Dexter Hunter and J. C. Greeley, and J. C. Greeley, Trustee.   They appear especially for the purpose of making the motion, the grounds of which are : 1st, the citation is not a legal citation ; and 2d, it has not been issued, tested, served or returned as required by law.

I. The issuing and *teste* objected to in the second ground of the motion are included in and will be considered as a part of the first ground.

The citation was issued and is signed by the Clerk of the

Circuit Court of Clay county, where the decrees appealed from were entered, and bears the seal of that court, but is tested in the name of the Chief Justice of the Supreme Court.

The *statutes* of this State do not regulate or provide directly for a notice or citation on an appeal *in chancery*. Sections 6 and 7, Thompson's Digest, 447. Rule 95 of the Chancery Rules of A. D. 1873, provides for and regulates such citation. It is founded upon the act of 1868, chapter 1628.

It is contended that the citation should, under section 7, of the act of November 21, 1829, be tested in the name of the clerk of the Circuit Court who issued it. This act (p. 326, Thompson's Digest, and p. 811, McClellan's Digest) provides that all process shall " bear teste in the name of the clerk issuing it ;" and is entitled " An act to amend an act regulating judicial proceedings, approved November 23, 1828."

The seventh section of the act of 1828 provided that all process "shall bear teste in the name of the presiding judge of the court;" and, " when not otherwise provided by law * * shall be returnable to the next ensuing term of the court, from which it issued." Acts of 1828, p. 28. The act of 1828 regulated the process of the Superior and County Courts, but not that of the Court of Appeals; and the section above referred to, of the act of 1829, is but an amendment of the former act and relates to the process of the former courts, making also provisions as to venue or place of trial, which provisions of course cannot be claimed to have related to the Court of Appeals. This is the conclusion we came to in Knight vs. Weiskoff, 21 Fla., 157, and we see no reason for changing it. The *teste* is, in our judgment, correct. Tischler vs. Wall, 20 Fla., 594; 21 Fla., 157.

This citation is not a process of the Circuit Court. Like a writ of error, or a *scire facias ad audiendum errores*, though issuable by the Clerk of the Circuit Court, it is issued by him acting for this court and is the writ of this court. Mussina vs. Cavazos, 6 Wall., 355 ; 20 Fla., 924, 391, 396 ; 21 Fla., 157. It is returnable here, and, as all the cases show, every question as to it is to be made before and decided by us.

The *teste*, we may say, would be the subject of amendment, if incorrect. Weiskoff vs. Dibble, 18 Fla., 22 ; Gilmer vs. Bird, 15 Fla., 410 ; Knight vs. Weiskoff, 21 Fla., 157, 164. The absence of the "style of process " prescribed by the Constitution is upon the same authorities also a matter ot form, and the defect may be cured by amendment at the appellant's cost.

It is also urged in support of the motion that all parties united in interest should join in taking an appeal, and that the citation shows this has not been done.

It might be sufficient to remark simply that the citation does not show a failure of any party united in interest to join in the appeal.

It is true that all the parties to a decree which is in law and fact joint must unite in an appeal from it. If any of the joint parties refuse to do so, the others may take the appeal in the name of all the parties aggrieved in their joint interests, and have summons and severance (or equivalent proceedings) as to the recusant joint parties. Whitlock vs. Willard *et al.*, 18 Fla., 156 ; Masterson vs. Herndon, 10 Wall., 416. This rule, however, does not preclude any one party who may be aggrieved by a decree in his separate interest, or several parties who may be aggrieved as to their united interests, from taking, the former his individual appeal, and the latter their joint appeal, although there may be numerous other parties adjudged against by

the same decree, but not united in interest with such individual or joint parties in the matter so decreed as to him or them. Todd vs. Daniel, 16 Peters, 521 ; Forgay vs. Conrad, 6 How., 201. Neither co-defendants nor co-complainants, can, we may state, by joining in an appeal, unite their separate and distinct interests so as to make up the amount necessary to give the appellate court jurisdiction. Paving Co. vs. Mulford, 100 U. S., 147; Seaver vs. Bigelow, 5 Wallace, 210.

A decree may be several in fact and in law, though it be apparently joint in form, and the failure to unite as party to an appeal one whose interest is clearly separable and distinct from that of the party taking such appeal is not error. Hanrick vs. Patrick, 119 U. S., 156.

In Germain vs. Mason, 12 Wall., 259, Germain and eighteen others were defendants. The suit was to recover a balance due by Germain, and enforce a lien against a house and lot for work done and materials furnished to Germain in building the house. The other eighteen defendants were made parties in the lower court because they claimed to have some interest, claim or lien in or on the encumbered premises, and they were prayed to be barred and foreclosed of all equity, &c. The court decided that the lien of the plaintiffs was superior to that of all other persons and gave judgment *in personam* against Germain for the debt and for a sale of the property on which the lien was claimed, and that out of the proceeds payment should be made first to the plaintiffs. Germain sued out a writ of error, without joining the other defendants, and it was held that he could properly do so. In Railroad Company vs. Johnson, 15 Wallace, 8, a holder of bonds secured by mortgage on the railroad and by the transfer of stock to two persons as trustees, sued in equity praying a foreclosure of the mortgage and a sale of the stock, the railroad com-

pany and the trustees being defendants.   There was a de-
cree against the company or mortgagor personally and
against the other defendants as trustees, and it was held
that the railroad company could maintain a writ of error
to the decree without joining the trustees.   See also Forgay
vs. Conrad, *supra*.

In Todd vs. Daniel, *supra*, Judge Story says that Owings
vs. Kincannon (cited by counsel for appellees) seems to have
been misunderstood by the bar ; and that the objection to
the appeal there was, that it did not appear that all the
defendants were not ready and willing to join in the appeal ;
and that the appeal was brought by some of the appellees
without giving the others an opportunity of joining in it
for the protection of their own interest; and that it was
right that all the parties should have an opportunity of ap-
pearing before the court, so that one final decree, binding
all the parties having a *common* interest, might be pro-
nounced.

We are satisfied that there is no merit in the objection
of the non-joinder of any parties as appellants.   The three
appellants are the sole parties defendant, except that Phil-
lip J. Canova, who is the original complainant in one of
the two suits involved in these proceedings, was made a
party defendant with appellants to the other of such suits
for the purpose of contesting the amount of his claim
against the railroad company and his lien on its property.
He is, however, adjudged to be a creditor of the railroad
company, and to have a lien on the railroad.   No debt or
liability is decreed against him, and he·has in no way any
joint interest with the appellants.   There is, according to the
record, no one who is a joint party or united in interest or
liability with appellants.   It cannot be contended that any
unsuccessful claimant of either a money demand against
the company, or of a lien on any of its property, has a joint

interest with the company. The company is, to all such, clearly a successful adversary.

It is also urged that it appeared by the writ itself that there are parties to the decree not personally named in the citation.

Mussina vs. Cavazos, 6 Wall., 355, is cited in support of this objection. This case decides that it is not a fatal defect in a writ of error that it describes the parties as plaintiffs and defendants in error, as they appear in the appellate court, instead of describing them as plaintiffs and defendants, as they stood in the court below, if the names of all the parties are given correctly. The writ of error did not show in what relation the parties named in it stood to each other in the lower court, or, in other words, who of them were plaintiffs, and who was defendant there, and though on this account the writ was considered by the court not to be in the usual or most appropriate form, it was still held sufficient, as any doubt about the relation of the parties below could be solved by the record, which showed that Mussina, the plaintiff in error, was defendant below, and the defendants in error, Cavazos and Cortina, were plaintiffs there. In this case, in speaking of Owings vs. Kincannon, *supra*, and Deneale vs. Stumps' Executors, 8 Peters, 526, where the writ of error was brought by Mary Deneale " and others," and of Williams vs. Bank of U. S., 11 Wheaton, 414, where one of three defendants sued out the writ, each of them being a case of a joint judgment or decree, it is said, " in all of them it appeared by the writ that there were parties to the judgment below not personally named in the writ. But an examination of this writ raises no such presumption. Nor can the court be at any loss from this writ to properly name the party or parties for or against whom it will render its judgment when it has decided the merits of the controversy."

It is true that the citation is entitled, of the two causes as they stood in the Circuit Court, and in thus stating that instituted by Buddington, Wilson & Co., the terms " *et al.* " are added after their firm name. If this is relied upon to support the objection we are now considering, viz: that the citation shows there are parties to the decree not personally named in the former, the body of the citation solves the difficulty, for it expressly names the parties to whom it is directed, and who are called upon by it to show cause why the decrees rendered in the two causes, which were proceeded in together after February 16, 1885, should not be reversed on the appeal taken by the three appellants named, who were " defendants in said causes." So it is clear that the names of all the parties against whom any relief is asked on the appeal are set forth and the court informed as to whom it is to give judgment in the cause, and moreover, the body of the citation shows, as did that in Mussina vs. Cavazos, who are the appellants, and who the appellees in this court, and according to Mussina vs. Cavazos, the relation of these parties to each other in the Circuit Court, if it is not ascertainable from the citation, can be learned from the transcript of the record of that court now before us.

In Germain vs. Mason, *supra*, the writ of error described the judgment as having been rendered in a " plea between J. Mason and L. B. Duke, plaintiffs, and Jules Germain *et al.*, defendants," and stated that manifest error hath happened to the great damage " of the said Jules Germain, *one* of *said defendants*," and it was argued in support of the motion to dismiss that the case fell within the rule in Deneale vs. Stumps' Executors, but the court denied the motion and held as indicated above, that even if there were other defendants, not united with Germain in interest, that there was no error in the proceedings.

There is nothing in the objection.

It is true that a number of persons filed with the master distinct and separate claims against the railroad company, and some of them were rejected altogther, and others were allowed but not adjudged to be liens on the company's property, and parties holding the latter claims are not made parties to this appeal, or, in other words, notified of this appeal. They have no joint interest, as stated above, with appellants, nor any such interest with the persons cited as appellees, or with any of them, but their interests are several and entirely distinct. Rich vs. Lambert, 12 Howard, 352; Orillon vs. Brown, 8 Peters, 4; Oliver vs. Alexander, 6 Peters, 146, 148, and Seaver vs. Bigelow, *supra*, Milner vs. Meek, 95 U. S., 252.

II. The first objection to be considered under the second ground is as to the service of the citation.

The return is endorsed upon the citation, and is signed "J. A. Pearce, Sheriff Supreme Court of Florida, by H. D. Holland, Deputy Sheriff Supreme Court of Florida," and shows that service was made on some of the appellees in Clay county. Under date of May 1st, 1885, the Sheriff of this court sent to the Sheriff of Duval an appointment in the following words: "I hereby constitute and appoint you, and your successors in office, my deputy for the county of Duval, for me and in my name, place and stead, as Sheriff of the Supreme Court of Florida, to execute all writs and other process required to be served by the Sheriff of the Supreme Court, in the county of Duval." Holland was then, and is still, the Sheriff of Duval county.

As the appointment limits the appointee's power to the county of Duval, his acts for the Sheriff of this court beyond that county are claimed by the plaintiffs in this motion to be of no legal effect; and on the other hand, it is claimed by counsel for appellants that the appointment as

deputy carried with it full power in law to execute process anywhere in the State.

A deputy of an officer, it is often said by the books, is one authorized by such officer to exercise the office or right which the latter possesses, for, and in the place of, the latter. He can do any act which his principal might do, except to appoint a deputy, and cannot be given less authority, and any act done by him is as official as if done by the officer, with the exception stated. Willingham vs. State, 21 Fla., 776, 778. The character of deputy contemplated by the authorities which lay down the law thus, is that of a general deputy or under-Sheriff; and they hold that any arrangement between the officer and such deputy, by which special duties or powers are to be excepted from his authority, is void, as to the public at least. In Parker vs. Kelt, 1 Raymond, 658, a deputy of the steward of a manor appointed a man to take a surrender of a copy-hold out of court, and it was held that the appointment was valid, as the steward himself could have made it, and that such appointee was not a deputy, but had only power to do one single act, whereas, a deputy, by the nature of the deputation, has power to do all acts. In this case it is said, however, that Norton vs. Sims, Hobart, 12, a case of an under Sheriff, goes further because there the covenant that the under Sheriff should not execute any execution for more than £20, without the special warrant of the High Sheriff, was held void, because it was repugnant to the nature of the deputation. The Supreme Court of Kentucky, in Ellison vs. Stevenson, 6 Monroe, 271, says: "The rule, as laid down by the court, that a deputy, when he is created such, may do any act which his principal might do, that a restriction of the power of a deputy is void as contrary to the nature of the deputation, has strong foundation in public utility; for otherwise the people might be greatly deceived and im-

posed on by confiding in one who was ostensibly a public officer, when, in fact, by the terms of the contract between the principal and the deputy, the latter would be converted into a private agent." See also Albrecht vs. Long, 27 Minn., 81; Abrams vs. Erwin, 9 Iowa, 87, 90; Hix vs. Sumner, 50 Maine, 290, 292; Allen vs. Smith, 12 N. J. (Law), 159.

There is, however, another kind of appointment recognized, and which is now called a special deputy. There are, says the Supreme Court of New Jersey, in Allen vs. Smith, 12 N. J. (Law), 159, two kinds of deputies of a Sheriff, a general deputy or under Sheriff, who, by virtue of his appointment, has authority to execute all the ordinary duties of the office of Sheriff, and a special deputy, who is an officer *pro hac vice* to execute a particular writ on some certain occasion. See Parker vs. Kelt, *supra.* In our State it is a common practice for a Sheriff to appoint such a special deputy, and it is often, if not usually, done by an endorsement on the writ.

Upon the best consideration which we have been able, with the aid of the authorities accessible, to give the question, our conclusion is that the appointment of Holland is not such a deputation as was before the courts in the case of Norton vs. Sims, from England, and those from Kentucky and Minnesota. Each of these cases was an appointment of a general deputy, or under Sheriff, and it was held that any reservation by special arrangement of the powers naturally incident to such an appointment was repugnant to its nature and void as to the public; that public interest required that one who was *ostensibly* a deputy, with all the powers of his principal, must, in so far as the public are concerned, be held to have all such powers, notwithstanding any special arrangement to the contrary. The cases referred to do not deny the power to appoint what

we now term a special deputy. Parker vs. Kelt, and Allen vs. Smith, affirm the power. There is nothing in the appointment of Holland which pretends to confer on him the general powers of the office of Sheriff, nor is there any special arrangement which reserves from him any authority which is naturally implied by, or involved in, his deputation. There is no arrangement inconsistent with the nature of his deputation, which deputation, applying it to each writ that may come to his hands, is in effect nothing more than authority to serve such writ *in Duval county*. There is, moreover, no pretense that appellants or their counsel have been misled. Our conclusion is that service made by Holland outside of Duval county was not legal service.

We may here remark in connection with the motion made by appellants' counsel that the service made in Clay county by the Sheriff of that county was not made by him as deputy of the Sheriff of this court. He did not know of any such deputation having been made; he had never accepted the appointment, and cannot be held to have acted under it. He did not receive the citation from or with the sanction of the Sheriff of the Supreme Court, but from counsel for appellants. To hold otherwise than that the service was invalid, would be to impose upon him the acceptance of an appointment he did not know of.

III, The service on Dexter Hunter, one of the plaintiffs in the motion, was made by leaving a true copy of the citation with his wife, at his residence and usual place of abode, in Duval county, (she being over 15 years of age,) and informing her of the contents. At the time of this service, Mr. Hunter was, according to the affidavits of appellants' counsel, out of this State. The above Chancery Rule 95 directs that the citation shall be served and returned as a writ of *scire facias ad audiendum errores* upon a writ of

error, and the statute of 1832 (sections 6 and 7, p. 447, Thompson's Digest; sections 2 and 3, p. 841, McClellan's Digest,) provides in effect that such *sci. fa.* shall be served " on the defendant. in error," or if he be not in the State, then upon his legally authorized agent, or his attorney in the court below, or if he be a non-resident, then upon such agent or attorney, or by publication in a newspaper.  It is contended for appellant that the provision or expression as to serving " *on* " the defendant includes service in the manner or of the kind which has been made upon Mr. Hunter, and which is one of the modes provided for serving a summons *ad respondendum* by the act of 1828, (Thompson's Digest, p. 326 ; McClellan's Digest, p. 811).  The language of the act of 1832, making, as it does, so specific a provision as to the manner of service when the party is " not in the State," we are unable to perceive how the view of appellants' counsel can be maintained.  We are, however, of the opinion that where the party to be served is neither a non-resident, nor out of the State when the service is made, the act of 1832 does adopt the mode of service pursued in this instance.  2 Ind., 289 ; 16 Ind., 429 ; 10 Cushing, 183 ; 2 McMullan, 352 ; 1 Duvall, 329.

IV. There has been in this case legal service of the citation on Jonathan C. Greeley in his own right, and as trustee.  His trust relation arises from his having purchased the railroad under a written agreement between him and P. J. Canova, Buddington, Wilson & Co., and others by which they tranferred to him all their claims and demands against the railroad company, for him to make the purchase with such of these claims as might be allowed by the court, and take title to the same in his own name as trustee for himself and others whose claim should be allowed, and to convey the same to a railroad company to be subsequently

organized by them. This arrangement (which may cover the lands also) received the sanction of the Chancellor, and by his decree on the master's report as to claims presented by the various persons as creditors of the company, and upon the lien and priorities of such claims, the master is authorized to receive from Greeley, " the purchaser of the the road and the lands," the receipts of certain named persons adjudged to have liens on the railroad, and to be entitled to be paid out of the proceeds of the same, and the receipts of certain judgment creditors who were decreed to be paid out of the proceeds of the sale of the lands, for their proportionate share in the proceeds of the road and lands, in payment of his bids for the said property after payment of costs. The parties covered by this clause of the decree are included in the citation as appellees. According to the master's report of the sale the railroad and lands were sold to Greeley as trustee for himself and others. This sale was confirmed by the Chancellor.

It is urged upon us that in accordance with the doctrine of Tischler vs. Wall, 20 Fla., 924, and Knight *et al.* vs. Weiskoff *et al.*, 21 Fla., 157, the appeal must be dismissed, because of the failure to serve the citation on some of the appellees named in it. Each of these, the former an appeal, and the latter a writ of error, was a case at law ; and in one of them there was an imperfect citation, and in the other an imperfect *scire facias ad auliendum errores*, and in each there was no legal service on any appellee, and the appeal in the one case, and the writ of error in the other, was dismissed on the ground that there was neither a legal process, nor legal service of the same. The doctrine of the latter case is, that service of the *scire facias* before the term to which the writ of error is returnable is essential to the writ, and such is now our understanding of the rule in the U. S. Supreme Court prior to Dayton vs. Lash, 4

Otto, 112. It is useless to deny that the authorities subse_quent to Dayton vs. Lash, most, if not all, of which are reviewed in Hewitt vs. Filbert *et al.*, 116 U. S., 142, hold that where an appeal is taken after the term of the court at which the decree appealed from was rendered, the issue of a citation returnable to the term to which the appeal is taken is necessary, yet that the failure to serve it before such return term of the appellate court is not fatal, and a new citation may issue from the latter court during such term, returnable thereto.

When there has been no service on any appellee this practice is not consistent with that of our own court in common law cases, but where there have been several appellees, and service on a part of them, our chancery practice has been even more liberal than that in the U. S. Supreme Court indicated by the authorities just referred to, and the cause was continued on one occasion to the next ensuing term, to permit service to be made on a non-resident defendant ; and in another there was a similar continuance, and an amendment as to resident parties and a new citation returnable to the next term. Megin vs. Filor, 4 Fla., 203 ; Whitlock vs. Willard, 18 Fla., 156. In the latter case, it is true, there was no objection to the proceed_ing, yet the power of the court in the premises is plainly affirmed.

The circumstances of the case now before us do not forbid our exercising the power, and we think it more consistent with the practice of this court in chancery appeals to deny the motion, and permit a new citation, returnable to the first day of the next term and to continue the cause accordingly. The costs of this motion will, however, be paid by the appellants.

It will be ordered accordingly.