THE STATE OF FLORIDA EX REL. ATTORNEY-GENERAL, PLAINTIFF, vs. JAMES E. JOHNSON, DEFENDANT.— MANDAMUS.

1. The sheriff of Leon county is the sheriff of the Supreme Court, and he is authorized to appoint in the county of his residence deputy, while the sheriffs of the State in the other counties are ex-officio his deputies by virtue of the statute without any special appointment for that purpose.

2. The purpose of the statute (§1324 Rev. Stat.) in making the sheriffs of the State ex-officio deputies of the sheriff of the Supreme Court for the execution of process from said court was to avoid the inconvenience resulting from the necessity of having a special deputation to the sheriffs in order that they might execute such process, and also to save the expense necessarily attending the service of such process by the sheriff of the Supreme Court in distant counties; and while the sheriff of Leon county is the sheriff of the Supreme Court, and can in person legally serve any process of this court in any county of the State, he is not vested with the uncontrollable discretionary right of charging mileage in going to and returning from distant counties for the purpose of serving process of this court, in the absence of any showing that the sheriff of the county where the service is made was in any way disqualified, or that it was necessary that the service be made by the sheriff of this court.

This is a case of original jurisdiction.

The facts in the case are stated in the opinion of the court.

Motion for taxation of costs.

*A. W. Cockrell & Son*, for Motion.

MABRY, C. J.:

The sheriff of this court has included in his bill of costs in this case the sum of thirty-three dollars and forty cents as mileage for the service of the alternative writ of mandamus issued from this court, and the same amount as mileage for the service of the peremptory writ also issued from this court. The motion made by respondent for the taxation of costs in this case calls in question the right of the sheriff to be paid the said items charged as mileage. The respondent, upon whom the writs were served, resided in Duval county, and it does not appear that the sheriff of that county was in any way disqualified to make the service, or that the sheriff of this court executed the writs in person by any special order made for that purpose. In answer to the motion the sheriff says: "The only question raised by the motion is, whether the sheriff of the Supreme Court can serve a writ of said court in person in any other county than Leon. Does the fact that the law makes the sheriffs of the several counties the deputies of the sheriff of the Supreme Court in their respective counties, preclude the sheriff from acting in any other county than the county where the Supreme Court sits? Section 1323 of the Revised Statutes provides that he shall in person or by deputy attend all sessions of the Supreme Court, and serve all process required to be served. It must therefore be a matter of discretion with the sheriff of the Supreme Court whether to serve

any particular writ by deputy or in person. The purpose of the law in having a deputy in every county is for the convenience of serving writs, as well as to save expense, but there is nothing in the act which denies to the sheriff in any case he may think proper to serve the writ in person, the right to do so. He is responsible as sheriff of the Supreme Court for the acts of his deputies, and if there is any reason satisfactory to himself why any particular deputy should not have a writ placed in his hands to serve, he can serve it himself."

The question presented by the motion is, whether the sheriff of Leon county, who is by statute made the sheriff of the Supreme Court, is entitled to mileage from tho capital of the State in going to and returning from a distant county for the purpose of serving process of this court, in the absence of any showing that the sheriff of the county where the service was made was in any way disqualified, or that it was necessary for the sheriff of this court to serve the process in person.

It was enacted in 1868 that "the sheriff of the county in which the court is held shall be the sheriff of the Supreme Court, and shall, in person or by deputy, attend its sessions and serve all process required to be served, and shall receive such fees therefor as provided by law." McClellan's Digest, page 937, § 3. This was the only statutory regulation on the subject from 1868 until the Revised Statutes went into effect in June, 1892, and is to be found in sections 1322 and 1323. A statute passed in 1833, but repealed by the one enacted in 1868, supra, provided that "the sheriffs in the respective counties in this State, in serving process and notices, shall have the same authenticity (authority) in the Supreme Court as in their own courts respect-

ively; and process of execution from the said Supreme Court shall be directed to the sheriff of the county from which the said case may have been brought, unless otherwise ordered by the said Supreme Court." McClellan's Digest, p. 937, § 4. In the consolidation and revision of our statutes the old act of 1833 was revised, and, as adopted, is as follows, *viz:* "1324. *Deputy of Sheriff of Supreme Court.* He may appoint a deputy in the county in which he resides, and all the sheriffs of the State shall *ex-officio* be his deputies in their respective counties for the execution of process from said court." Under the law of 1868 process of this court, when issued by its clerk, or the clerks of Circuit Courts acting for it (Williams vs. La Penotiere, 25 Fla. 513, 6 South. Rep. 167) could only be legally served by the sheriff of the Supreme Court or by his deputy duly and regularly appointed. Knight vs. Weiskopf, 21 Fla. 157; Guarantee Trust & Safe Deposit Co. vs. Buddington, 23 Fla. 514, 2 South. Rep. 885; Williams vs. Hutchinson, 26 Fla. 513, 7 South. Rep. 852. The inconvenience experienced in many cases by reason of the absence of a proper deputation by the sheriff of this court of other sheriffs who had undertaken to serve process of this court, as well as the necessity of having a deputy in every county to serve such process in order to save the expense necessarily attending the service by the sheriff of Leon county, caused the revisors and the Legislature, it is reasonable to suppose, to incorporate some provision on the subject in the Revised Statutes. This provision is found in section 1324, and by it the sheriff of the Supreme Court is authorized to appoint, in the county of his residence, a deputy, but the sheriffs of the State are made *ex-officio* his deputies in their respective counties for the execution of process from this court.

It is no longer necessary for the sheriff of this court to appoint the sheriffs of the State his deputies for the service of process from this court, as they are made by statute such deputies, and as such they are designated as proper officers for the service of such process in their respective counties. In the performance of such duty they act as the deputies of the sheriff of the Supreme Court, although deriving their authority to so act from the statute. The sheriff of Leon county is the sheriff of the Supreme Court, and he can in person serve any process of this court; still it can not be doubted that a purpose of the statute in making the sheriffs of the State *ex-officio* deputies to serve process of this court was to save costs that would necessarily be greatly increased by the sheriff of Leon county going into distant counties to serve process. It would be in violation of the spirit and purpose of the statute, we think, for the sheriff of the Supreme Court to travel several hundred miles to serve process of this court when there was no necessity for him to do so. If we were to concede that it was discretionary with him whether to serve process in person or by deputy, there is nothing to show in this case that he exercised such discretion in accordance with the spirit and purpose of the statute. He does not claim in his answer to the motion that the sheriff of Duval county was disqualified in any way to serve the writs mentioned, or that there was any necessity for him to go in person to make the service. He claims that it is discretionary with him in any case whether he will serve process of this court in person and charge mileage, or have it done by deputy. As before stated, a purpose of the statute in making the sheriffs of the State deputies to serve process of this court was to save unnecessary costs, and on the question of the taxation of costs the court must

determine the correctness of any item charged. We can not recognize the uncontrollable discretion of the sheriff to impose unnecessary costs of mileage or not, as he deems proper. In view of the statutory provision making the sheriffs of the State deputies for serving process of this court, it is proper that the court should say whether the cost of mileage has been necessarily or unnecessarily imposed by the service. As the matter stands here, there was no necessity for the sheriff of this court to go to Duval county to serve the writ mentioned, and we think the costs of mileage was improper and should not be allowed.