THE D. R. DUNLAP MERCANTILE COMPANY, APPELLANT, VS. ST. JOHN & QUIGLEX ET AL., APPELLEES.

APPELLATE PRACTICE—APPEAL DISMISSED WHERE NO CITATION SERVED.

Where the appellees, upon appeal to this court, have been served with no citation other than a paper that is not styled as process. "The State of Florida," and that is not tested in the name of the Chief-Justice of this court, but tested simply in the name of the Clerk of the Circuit Court who issued same, and that does not purport to be a writ of and from this court, and that does not notify the appellees named therein in express terms that an appeal has been taken, such paper will be held to be no citation at all; and where there has been no waiver of citation, by appearance or otherwise, the appeal will be dismissed.

Appeal from the Circuit Court for Santa Rosa county.

The facts in the case are stated in the opinion of the court.

*Blount & Blount*, for Appellant.

No Appearance for Appellee.

TAYLOR, J.:

The appellant and the appellees were attaching creditors of one A. H. Green in the Circuit Court of Santa Rosa county, their several writs being levied upon the same personal property of the common debtor at different times. The appellees all recovered judgments by default on the rule day in November, 1889, upon their respective claims, and the appellant recovered judgment by default upon its claim in December, 1889. The defendant's property, that had been levied upon by the various writs, was sold upon the application of some of the parties and the proceeds turned over into the registry of the court to await its distribution among said several creditors. On the 13th day of May, 1889, the court, upon the application of the appellees, St. John & Quigley, made an order directing the distribution of the fund to the payment pro rata of the several claims of the appellees, to the exclusion of the appellant. From this order the appellant has taken its appeal.

Upon examination of the record we find that no proper citation has ever been issued in the cause and served upon the appellees or their attorneys. In the transcript of the record there is what purports to be a citation that is wholly informal and defective in that it is not styled as process as it should be—"The State of Florida"—and it is not tested in the name of the Chief-Justice of this court, but is tested simply in the name of the Clerk of the Circuit Court who issued same, and it does not even purport to be a writ of and from this court, and does not notify the appellees therein in express terms that an appeal has been taken. Under these circumstances, there being no waiver of

citation or appearance here by any of the appellees, this court can not be said to have acquired such jurisdiction over the persons of the appellees as legally to enable us to adjudicate their rights in the premises. Tischler vs. Wall, 20 Fla. 924; Knight vs. Weiskopf, 21 Fla. 157. It being patent, therefore, from the record that the appellees are not properly before the court, the appeal herein is hereby dismissed.