MANOR, AUDITOR OF JAY COUNTY, *v.* THE STATE, EX REL.
STOLTZ, TRUSTEE OF BEARCREEK TOWNSHIP.

[No. 18,386.    Filed January 26, 1898.]

MANDAMUS.—*Township Trustee May Compel Auditor to Issue War-
rant for Funds Belonging to Township.* —Where money in the
hands of a county treasurer, belonging to a township, has been
apportioned, the township trustee is entitled to a writ of mandamus
to compel the county auditor to issue a warrant therefor.   *pp. 312,
313.*

SAME.—*Prima Facie Right to Office of Township Trustee.*—Where,
in an action by the State on the relation of one claiming to be a
township trustee, to mandate the county auditor to issue a warrant
on the county treasurer for the funds of the township, it is shown
that a vacancy in the office of trustee had been judicially deter-
mined, and that the board of county commissioners had duly ap-
pointed the relator to fill the vacancy, and that he had qualified and
taken the oath of office, establishes a *prima facie* right or title of
the relator to the office of trustee.   *pp. 313, 314.*

COUNTY AUDITOR.—*To Whom He Must Issue Warrant for Township
Funds.*—It is the duty of a county auditor to issue a warrant for
township money to one who is *prima facie* entitled to the office of
township trustee.   *p. 314.*

TOWNSHIP TRUSTEE.—*May Maintain One Action for Funds Belonging
Both to the Civil and School Townships.*—The trustee of a civil
township is *ex officio* trustee of the school township, and entitled
to the funds of both; and as trustee of the civil township may
maintain one action for money wrongfully withheld, although the
money belongs partly to each fund.   *pp. 314, 315.*

MANDAMUS.—*Action to Compel Auditor to Issue Warrant to Trustee
for Township Funds.—Defense.*—In an action against a county
auditor to compel him to issue a warrant for the funds of the town-
ship, by one who is *prima facie* entitled to the office of township
trustee, it is no defense that the title to the office of such trustee is
in litigation.   *pp. 315-317.*

From the Jay Circuit Court.    *Affirmed.*

*R. H. Hartford,* for appellant.

*D. T. Taylor,* for appellee.

JORDAN, J.—This action was instituted by the
State, on the relation of Philip Stoltz, trustee of Bear-
creek township, Jay county, Indiana, to obtain a writ

of mandate to compel the appellant, as auditor of said county, to issue a warrant on the treasurer authorizing that officer to pay over to the relator, as such trustee, certain moneys due to and belonging to said township as public revenue. The relator prevailed in the action, and a peremptory writ of mandate was awarded, commanding the appellant to issue a warrant upon the treasurer of the county, payable to the relator, for the funds belonging to his township. By the errors assigned, appellant calls in question the sufficiency of the alternative writ of mandate upon demurrer, and complains of the rulings of the court in denying his right to file his interplea, and in overruling his motion to make the complaint more specific, and in sustaining a demurrer to the first paragraph of the relator's return to the alternative writ, and in overruling a motion for a new trial. The alternative writ issued in the cause, and to which the appellant filed his return, recites the filing of a petition for the writ, and also the material facts alleged therein, which, in substance, are as follows: That on the 12th day of June, 1897, there existed a vacancy in the office of township trustee of Bearcreek township in Jay county, Indiana, which vacancy in said office had been judicially determined by the Jay Circuit Court, before said day. That on June 12, 1897, the relator was duly appointed, by the board of commissioners of the county of Jay, township trustee in and for said Bearcreek township, on account of, and by reason of said vacancy in said office. That on the 14th day of June, 1897, he, pursuant to said appointment as such township trustee, filed with the auditor of Jay county his official bond, as required by law, which was duly approved by said auditor, and took the oath of office, and was then and there duly qualified as trustee of said Bearcreek township, and is now, and ever since

has been, the trustee of said township, and as such is entitled, under the laws of the State,. to the possession and custody of all public moneys due to or belonging to said township, and especially to the possession and custody of $3,680.00 public revenue due to said township on July 10, 1897, for the July distribution of that year as follows, to wit: (Here are set out the several amounts and the several funds to which the same belong, aggregating an amount total of $3,680.52.) On the 19th day of July, 1897, before the announcement of this action, the relator, as such trustee, demanded of the defendant, as auditor of Jay county, that he issue a warrant on the treasurer of that county in favor of him as trustee of said township for the said funds, etc., but the defendant refused to do so, and still fails and refuses to issue said warrant. The prayer of the petition is recited in the writ, and the defendant, as auditor, is commanded to issue the warrant as prayed for, or show cause, if any, for his failure to discharge this duty. The question is, do the facts entitle the relator to the warrant for the money in the county treasury belonging to the township, of which, as the facts apparently establish, he is the trustee?

The relator, as the trustee of the township, was authorized to receive all moneys belonging to his township. Clause two of section 8068, Burns' R. S. 1894 (5993, R. S. 1881). By section 8075, Burns' R. S. 1894 (6000, R. S. 1881), the county treasurer, immediately after his annual settlement with the county auditor, upon the warrant of the latter officer, is required to pay over to the proper township trustee all moneys in his hands belonging to the township. It is disclosed that the funds for which the relator sought to obtain the warrant had been apportioned to Bearcreek township, and were due and belonging to said township at

and before the demand was made upon the appellant for the warrant in controversy. Section 8070, Burns' R. S. 1894 (5995, R. S. 1881), provides that the trustee of the township shall superintend the financial affairs of the township, and, with the concurrence of the board of commissioners, shall, at the time therein stated, levy a tax for township, road, and other purposes, on the property of the township, and report the same to the auditor, who shall enter it on the tax duplicate, etc., and the treasurer shall collect the tax as other taxes are collected. Under section 7973, Burns' R. S. 1894 (5895, R. S. 1881), it is made the duty of the auditor, among other things, to issue a warrant on the treasurer, payable to the person entitled to receive the same, for such sums of money as may be fixed by law, etc. The duty of apportioning the several funds belonging to each township in accordance with the law rests upon the auditor, and the duty of paying the money over to the proper township trustee on the warrant of the auditor is enjoined upon the county treasurer, and in each case the duty of these respective officers relates directly to the township. It is clear under the facts that the law made it the imperative duty of appellant, as the auditor of the county, to draw a warrant on the county treasurer, payable to the proper trustee of Bearcreek township, for the money in controversy; and, as no other adequate remedy existed, such duty will be enforced by a writ of mandate. *State* v. *Buckles,* 39 Ind. 272; *Frisbie* v. *Fogg,* 78 Ind. 269; *Wampler* v. *State,* 148 Ind. 557, and authorities there cited; *Morris* v. *State,* 96 Ind. 597; *State* v. *Board, etc.,* 136 Ind. 207. The alternative writ does not proceed upon the theory that there is any dispute about the title to the office, or conflicting claims thereto. The sole question presented by it relates to the question of appellant's refusal, as auditor, to issue

the warrant to the relator.    It is shown that the latter
had been appointed to fill an existing vacancy in the
office of trustee of Bearcreek township, which, before
the appointment was made, had been judicially de-
termined.    The facts disclosed that a vacancy had
occurred in the office in question, which, under the
provisions of section 5996, R. S. 1881, the board of com-
missioners is empowered to fill by appointment, and
that the board had exercised this power and ap-
pointed the relator, and that he had duly qualified
under said appointment by filing his bond to the ap-
proval of the auditor, and taken the oath of office as
required by law.    These facts, at least for the purpose
of this suit, fully establish that a vacancy was recog-
nized to exist by the appointing power, and that the
relator had been rightfully appointed to fill it.    *McGee*
v. *State*, 103 Ind. 444; *Osborne* v. *State*, 128 Ind. 129,
and authorities cited.    The *prima facie* right or title
of the relator to the office of trustee was thereby
shown, and his right to exercise the functions thereof,
among which was the authority or right to receive
the money belonging to the township, followed as a
necessary consequence, and, so far as the appellant
was concerned it was, under the circumstances, incum-
bent upon him to discharge his duty in the premises
by issuing the warrant in question, or show a sufficient
legal excuse for his refusal to do so.    The facts estab-
lished that the relator was, at the time he made the
demand, and at the time he instituted this action, the
proper trustee of the township, and the law fully justi-
fied and.protected the appellant in issuing to him, as
such trustee, the warrant for the funds apportioned to
his township, due and belonging thereto.    It is in-
sisted, however, that in any view of the case, inasmuch
as this action is by the State on the relation of Stoltz
as the trustee of the civil township, that it cannot be

maintained, so far as it concerns the funds belonging to the school township; that in regard to such funds the suit must be on the relation of Stoltz as trustee of the school township.   It is true that under the law of this state a civil township and a school township are each distinct municipal corporations, embracing the same territory, but nevertheless the trustee of the former, by the law, is made *ex officio* trustee of the latter, and as trustee he is entitled to the funds of both townships, and holds them in trust for the one to which they legitimately belong; consequently, as the trustee of the civil township, Stoltz was the proper relator, as in such capacity he represented both townships, and therefore was not required to institute another and independent action, as the trustee of the school township, in order to obtain the money belonging to the latter.   See *Ross* v. *State*, 131 Ind. 548; *Young* v. *State*, 138 Ind. 206.   The demurrer to the alternative writ was properly overruled.   Appellant's return to the writ, which was in the nature of an answer, consisted of the general denial, and a paragraph in which he averred certain facts as an excuse or justification for his refusal to issue the warrant to the relator.   These, in substance, were that at the general election in 1894 one Bishop was duly elected to the office of trustee of Bearcreek township, Jay county, Indiana, and on the 6th day of September, 1895, he duly qualified as such trustee, and entered on the discharge of the duties of the office.   That subsequently in May, 1897, in an action upon information instituted in the Jay Circuit Court by the State, on the relation of the proper prosecuting attorney against Bishop, the latter was by the judgment of that court ousted from said office, and the same declared to be vacant, on the ground that Bishop had been appointed and installed as postmaster, etc.   It

is alleged that Bishop had appealed in term from said judgment to the Supreme Court of Indiana, and that since the rendition of said judgment, and the appointment of the relator to fill the vacancy, Bishop still continued to claim to be the lawful and legal trustee of Bearcreek township, and had demanded that appellant draw a warrant in his favor for the identical funds and money claimed by the relator in this action. It was further alleged that appellant, under these facts, refused to issue a warrant to Bishop until it was determined who was the legal trustee of said township, and that he is ready and willing to draw a warrant for the funds in question whenever it is settled who is the proper trustee of that township; that both the relator and Bishop are claiming the right to discharge the duties of the office, and are each demanding of appellant the right to receive said warrant, and that he "does not know and cannot know" which one is entitled to receive the money of the township until said cause appealed to the Supreme Court is finally determined therein, etc.  That the demurrer to this paragraph of the return was properly sustained, we think, is evident.  As heretofore said, the facts recited in the alternative writ established at least that the relator had a *prima facie* title or right to the office, and was entitled to discharge the duties thereof.  The ultimate title or right of either the relator or Bishop to the office of trustee was not a matter which the appellant in this action could legitimately put in issue.  He sought to be excused from issuing the warrant in controversy, for the reason that Bishop, who had been by the proper court expelled from the office, had taken a term time appeal from the judgment of ouster to the Supreme Court, and was still claiming the right to exercise the functions of the office from which the court had expelled him.  The

relator had been appointed after the office had been declared vacant by the judgment of the court, and had taken the oath of office and executed and filed the official bond required by law, which, it appears, appellant, as auditor, had accepted and approved.  Under the circumstances, to all intents and purposes of the law, for the time being at least, he was the proper township trustee, and, as such, authorized to receive the funds due and belonging to his township, and this was all in respect to his title or right to discharge the duties of the office that was of any material concern to the appellant.  It cannot, in reason, be asserted that under the facts the safety of the public money would have been imperiled, and appellant perhaps subjected to liability, had he complied with the demand and issued the warrant to the relator; for in the event that Bishop prevailed in the cause appealed to this court, and was finally adjudged to be the proper trustee of the township, it is clear that upon such a result, as to all funds received by him as trustee during the time he was in discharge of the duties of the office under his apparent right and title, and which had not been legitimately applied to the use of the township, he would be compelled to account for and pay over to Bishop, as such trustee, and in default thereof would be liable on the bond which he had executed.  But to hold that appellant was excused from the discharge of the duty imposed upon him by the statute, and thereby permit him to deprive the township of its funds until the claim of Bishop to the office is finally settled, might imperil, and, no doubt would, retard the public interests of the township, and could result in benefit to no one.  It is evident that the alleged rights of Bishop to the office in question can in no manner be impaired or prejudiced by the judgment in this action.  It must be remembered that this is not

a direct proceeding to settle the title to the office, but one for a writ of mandate to enable the township, by and through the agency of the relator, to obtain the public money to which it is entitled. A sufficient *prima facie* title and right to the office was all, upon that feature of the case, that was involved, and the court could not, under the circumstances in this action, be required to go behind such title and determine the ultimate right of the relator to the office. In addition to the authorities heretofore cited, see the following, which fully support this principle: *State* v. *Board, etc.,* 124 Ind. 554; *Commonwealth* v. *Baxter,* 35 Pa. St. 263; *Kerr* v. *Trego,* 47 Pa. St. 292; *People* v. *Miller,* 16 Mich. 56; *People* v. *Callaghan,* 83 Ill. 128; *State* v. *Sherwood,* 15 Minn. 221, 2 Am. Rep. 116; *People* v. *Head,* 25 Ill. 287; *Crowell* v. *Lambert,* 10 Minn. 369; *Hunter* v. *Chandler,* 45 Mo. 452; *Ewing* v. *Thompson,* 43 Pa. St. 372; *Hadley* v. *Mayor,* 33 N. Y. 603; *Marbury* v. *Madison,* 1 Cranch 137; *Ex parte Heath,* 3 Hill 42; *People* v. *Stevens,* 5 Hill 616; Merrill on Mandamus, section 142, 154 *et seq.; State* v. *Johnson,* 35 Fla. 539, 16 South. 786, 31 L. R. A. 357, and authorities there cited. Some other questions are argued by counsel for appellant, but these in effect are decided by the conclusions herein reached, and as the judgment is clearly right under the evidence, they merit no further consideration.

Judgment affirmed.