LYMAN, SEARS & Co., APPELLANTS, VS. MARK ALEXANDER, APPELLEE.

*Fraser* for appellant.

*Fleming* for appellee.

DuPONT, Chief Justice:

This suit was brought in the Circuit Court of Duval county, by process of attachment. Before the defendant had pleaded to the action, the attachment was dissolved, and from the order dissolving the attachment, this appeal has been taken.

The statute (Thomp. Dig. 370, § 5,) provides that when any suit shall hereafter be commenced by attachment, and the same on motion dissolved before plea to the action, then in every such case the suit shall abate and be dismissed from the Court, &c.

Here the attachment was dissolved before plea to the action, but, *non constat* that the suit had been actually dismissed.

To accomplish that end, it requires the appropriate *judgment* of the Court. No such judgment appears in the record, and until such final judgment, the cause remains in Court. The order dissolving the attachment being only interlocutory, and the appeal being based thereon, this Court has no jurisdiction of the same.

This view of the case relieves the Court from considering the validity of the appeal bond, which was raised by the motion to dismiss.

It is therefore ordered that the appeal taken in this cause be dismissed for want of jurisdiction.