Driggs v. Higgins—Opinion of Court.

JOHN S. DRIGGS, ADMINISTRATOR OF JOHN S. ADAMS, PLAINTIFF IN ERROR, VS. HENRY S. HIGGINS, DEFENDANT IN ERROR.

1. Twenty-five days must intervene between the issuing of a writ of error and the first day of the term of the Supreme Court to which it is returnable. Where such time did not intervene between the date the writ was issued and the first day of the term, and the *scire facias ad audiendum errores* was not served twenty-five days " previous to the first day of the term of the Supreme Court" to which it is returnable, the writ must be dismissed for want of conformity to the statutory requirements.

2. A writ of error returnable to a day to which such writs are not returnable by law cannot be amended by inserting a day to which it should have been returnable, such day being now passed, and a service to it being impossible. In such case where there is not a voluntary appearance the writ must be dismissed.

Writ of Error to the Circuit Court for Duval county.

The Chief-Justice being disqualified did not sit in this case. Judge Walker of the Second Circuit was called in in his place.

The facts are stated in the opinions.

*C. P. & J. C. Cooper*, for Defendant in Error, for the motion to dismiss.

*Cockrell & Walker* for Plaintiff in Error, *contra*.

MR. JUSTICE WESTCOTT delivered the opinion of the court.

A motion is made in this case to dismiss the writ of error on several grounds.

First. Because the *scire facias ad audiendum errores* was not made returnable with the writ. The writ of error issued December 19, 1881, and was returnable to the 10th day of January, A. D. 1882, the first day of the succeeding

term of the Supreme Court. The *scire facias* issued on the 19th December, 1881, and was returnable to the 10th day of January, 1882, the first day of the succeeding term of the Court Court. This is the record as certified. Why counsel should trouble the court to examine a matter so simple and plain, so patent upon the record as being the reverse of what he states it to be, we cannot see.

Second. Because the *scire facias* was not served at least twenty-five days previous to the first day of the term of the Supreme Court, to which the writ of error was returnable.

The record discloses that the citation was not served until the 20th December, A. D. 1881. The first day of the next term was January 10, 1882. Twenty-five days did not, therefore, intervene between the first day of the term to which the writ was returnable and the service of the *scire facias.* Nor were there twenty-five days between the issuing of the writ of error and the first day of the term thereafter. The necessary result is that this writ of error must be dismissed for want of conformity to the statute regulating the issuing and return thereof. It is clear that twenty-five days at least must elapse between the issuing of the writ of error and the first day of the term of this court to which it is returnable. Bacon *et al.* vs. Hart, 1 Black, (U. S.) 39.

There is here no subsisting writ of error, because the writ issued does not conform to the statutory requirements regulating the subject. Carter vs. United States, 3 Wall., 51; 6 How., (U. S.) 113 ; 22 ib., 48 ; 19 ib., 182.

At a subsequent day of the term the Plaintiff in Error, by *Cockrell & Walker*, moved to reinstate the cause and for an order to amend the writ of error.

MR. JUSTICE WESTCOTT delivered the opinion of the court.

On the 25th instant, at the instance of the plaintiff, an order was entered in this case opening the judgment and allowing him twenty days wherein to take further action as he might be advised. On the twenty-sixth a motion is made to reinstate the case and for an order to amend the writ of error. Notice of this motion is given and notice of a hearing to be had on the 27th. The defendant in error now files his brief and the plaintiff makes default.

The defect in the writ of error is not amendable in the manner desired. The writ as it now stands is void and illegal. See what is said upon this subject in the opinion rendered in the matter of the motion to dismiss the writ. A writ which is illegal in the matter of the return day to which it is returnable cannot be amended by striking out the day to which by its own terms it is returnable and inserting another day now passed, and to which it is impossible to make it returnable and give it effect by service.

At the hearing of the motion to dismiss the writ of error we did not understand the plaintiff in error to say more than that his action in reference to that motion was in some respects controlled by information concerning the case received by him from the Clerk of this Court. Nothing but a voluntary appearance of the defendant in error, or a waiver of a writ of error, can cure the defect, if indeed the last can. There has been no such appearance and no such waiver. Justice to the parties requires a disposition of this case before the term expires.

The motion to amend is denied, and there will be judgment dismissing the writ of error.