CHARLES COMTE, APPELLANT, vs. P. P. TOALE, APPELLEE.

1. An appeal from a judgment at law will be dismissed where it is not shown to have been entered in open court during the term in which the judgment was entered, and citation has neither been issued nor waived.

Appeal from the Circuit Court for Duval county.

The facts of the case are stated in the opinion.

*Doggett & Buckman*, for the motion.

*John T.* and *George U. Walker* and *R. W. Williams, contra.*

MR. JUSTICE RANEY delivered the opinion of the court:

This is a motion to dismiss appeal from Duval county.

Appellee moved at the last term to dismiss the appeal on the following grounds :

1st. The record does not show whether the appeal was entered in term time or vacation ; and no entry appears by the record in the matter ; and there is no citation.

2d. The appeal bond was not filed in due time, nor does it appear that the same was properly taken or approved.

The record shows that the final judgment was entered on the 15th day of January, 1887, and that on the same day an order was made allowing thirty days after the adjournment of the court for settling the bill of exceptions. There is an entry of appeal in the transcript, which is stated to have been made on the same day. The appeal bond was taken and approved by the clerk February 14, 1887, on which date, the record recites, it was filed in the clerk's office. The bill of exceptions was also settled on this day and is stated in the body thereof to have been proposed on said day after the adjournment of the term, but it is not shown on what day, or at what time, the term was adjourned.

The entry of the appeal does not state whether it was entered " in open court," or " after the expiration of the term," as is contemplated by the form of entry framed for each class of cases under Circuit Court Rule 100. If the entry of appeal, to be found in the transcript before us, was made in open court during the term in which the judgment was rendered, it would be a sufficient entry. There is nothing, however, in the record to satisfy us that the entry was made in open court, nor except that it was

made on the same day that the judgment was, can it be inferred that it was made before the term of the court had finally adjourned.

When the entry of appeal is made in open court at the term at which the judgment has been rendered, the parties not appealing are presumed to take notice of such appeal, whether they have actual notice of the entry or not, and hence the rule makes it of equal import and effect with a citation duly served in case of an appeal taken at any other time. Before we can give such entry the effect of dispensing with citation and legal service thereof, it must appear by the record or in some satisfactory manner that this entry has been made at such term and in open court. As it does not so appear in this case, and no citation has ever issued, and there has not been a waiver of one, the appeal must be dismissed.

It may be well to call attention to the discrepancy in the date of the judgment, as stated in the record, and as recited in the entry of appeal and in the appeal bond.

The appeal is dismissed.