JOHN JENSSEN, APPELLANT, vs. G. A. WALTHER, APPELLEE.

1. Where process of the Supreme Court is returned as served by the Sheriff of a county, who is, however, not the Sheriff of that Court, and a motion is made to amend the return so as to show that it was served by the Sheriff of the Supreme Court through him as deputy, and the only proof of such deputation is that the latter Sheriff delivered to a predecessor of the Sheriff claimed to be such deputy, a paper constituting such predecessor and his successors in office, his deputy to execute all process of the Supreme Court in the county of which he was Sheriff, and a certificate of the Sheriff of the Supreme Court stating, in effect, his conclusion from the execution and delivery of the appointment to the predecessor, that the Sheriff making the service was and is his deputy, the motion should be denied, as the proof does not show the person making the service received or accepted the paper, or other appointment, of himself as deputy.

2. Where there has been no legal service of a citation twenty-five days before the term of the Supreme Court, to the first day of which it was made returnable, nor was the writ placed in the hands of an officer authorized to serve it, a new citation returnable to a day in term will not be granted by that Court, but the appeal will be dismissed.

Appeal from the Circuit Court for Walton County.

Motion to dismiss appeal.

*Benjamin F. Liddon,* for the motion.

*Daniel Campbell, W. B. Lamar;* contra.

RANEY, C. J.: The facts of this case as to service of the citation are similar to those in Williams vs. Hutchinson, decided at this term. The motion of appellees to dismiss the appeal must be granted, and that of the appellant to amend the return of service, be denied. It will be ordered accordingly.