J. W. WILLIAMS, APPELLANT, VS. A. S. HUTCHINSON, AP-
PELLEE ; CAMPBELL & CO., APPELLANTS, VS. A. S. HUTCH-
INSON, APPELLEE ; M. BOLEY & SON, APPELLANTS, VS. A.
S. HUTCHINSON, APPELLEE ; SOUTHERN SPRING BED COM-
PANY, APPELLANT, VS. A. S. HUTCHINSON, APPELLEE.

| | |
|---|---|
| 26 | 513 |
| 26 | 448 |
| 26 | 513 |
| 30 | 357 |
| 26 | 513 |
| 32 | 431 |
| 26 | 513 |
| 34 | 362 |
| 34 | 375 |
| 26 | 513 |
| 35 | 542 |
| 26 | 513 |
| 37 | 341 |
| 37 | 377 |
| 37 | 555 |
| 26 | 513 |
| 46 | 235 |

1. An order dissolving an ancillary attachment is a final judgment at law from which an appeal lies.

2. An order dissolving an ancillary attachment is a final judgment, although it does not *expressly* dismiss the attachment proceedings. Lyman, Sears & Co. vs. Alexander, 9 Fla., 489, disapproved.

3. A suggestion or statement in the brief of counsel that an order appearing in the appeal transcript was taken from the motion docket, is not evidence that the order was not duly recorded in the minutes of the term of the court at which it appears from the transcript that the motion was heard and determined, such transcript being certified by the clerk as containing a correct transcript of the "record of the judgment."

4. An order duly entered upon the record of a term of the Circuit Court, and, omitting the title of the cause and the signature of the judge, in the following language: "It appearing that notice was given of this motion, and the same being argued, it is ordered that the motion be granted. To which ruling counsel for plaintiff excepted and the plaintiff is allowed thirty days to file bill of exceptions and perfect appeal," is a final judgment, or an expression of final judicial action as distinguished from a direction for a more formal entry by the clerk.

5. A citation to an appellee, issued by a Clerk of the Circuit Court, is the process of the Supreme Court, and must be served by the sheriff of the latter court in person or by deputy, and service made by any other sheriff simply by virtue of his office, and not as a deputy of the sheriff of the Supreme Court, is not legal, Sec. 11 of the act of February 10, 1832, Sec. 4, p. 937, McClellan's Digest, having been repealed by the act of August 1, 1868, Sec. 3, p. 937, McClellan's Digest.

6. Where process of the Supreme Court is returned as served by the sheriff of a county, who is however not the sheriff of that court, and a motion is made to amend the return so as to show that it was served by the sheriff of the Supreme Court through him

as deputy, and the only proof of such deputation is that the latter sheriff delivered to a predecessor of the sheriff claimed to be such deputy, a paper constituting such predecessor and his successors in office, his deputy to execute all processes of the Supreme Court in the county of which he was sheriff, and a certificate of the sheriff of the Supreme Court stating, in effect, his conclusion from the execution and delivery of the appointment to the predecessor, that the sheriff making the service was and is his deputy, the motion should be denied, as the proof does not show the person making the service received or accepted the paper, or other appointment, of himself as deputy.

7. Where there has been no legal service of a citation twenty-five days before the term of the Supreme Court, to the first day of which it was made returnable, nor was the writ placed in the hands of an officer authorized to serve it, a new citation returnable to a day in term will not be granted by that court, but the appeal will be dismissed.

Appeals from the Circuit Court for Alachua County.

The facts of the case are stated in the opinion.

Motion to dismiss Appeals.

*S. Y. Finley,* for the Motion.

*Taylor & Carter and W. W. Hampton, contra.*

RANEY, C. J.: The attachment proceeding in each of the above cases is ancillary to the personal action of assumpsit instituted cotemporaneously ; (Circuit Court Rule 80). The appeals are from orders dissolving the attachments.

In Jeffreys vs. Coleman, 20 Fla., 536, it was held that when an ancillary attachment is issued upon which property is seized, an order of the court dissolving the attachment is a final judgment from which an appeal lies, as it is a final determination of the attachment or ancillary proceeding. Kennedy vs. Mitchell, 4th Fla., 457.

The first ground of the motion to dismiss is that the record does not show that a final judgment has been rendered

by the Circuit Court. The transcript of the record before us shows an order dissolving an attachment, which order is signed by the Judge; and from the certificate of the clerk to the transcript, we must infer that this order was duly recorded in the minutes of the special term of the court at which it seems the several motions were heard and determined. The suggestion in the brief of counsel for appellee that the order "was taken from the motion docket," is, in view of this certificate of the clerk to the effect that it is a correct transcript of the "record of the judgment," no evidence that the order was not put by the clerk upon the record of the court as its judgment dissolving the attachment.

The order, omitting the signature of the judge, is as follows : "It appearing that notice was given of this motion, and the same being argued, it is ordered that the motion be granted. To which ruling counsel for plaintiff excepted ; and the plaintiff is allowed thirty days to file bill of exceptions and perfect appeal." This order appearing upon the record of a term of the Circuit Court at which it was made, which record must be assumed to have been duly approved by the Judge, is, we think, a sufficient, though inartificial, expression of final judicial action dissolving the attachment, and should be taken as such and not as a mere direction for a more formal entry by the clerk on the minutes or record of the term, and this, even though the latter might have been the intention of the Judge when he wrote and signed the order. Nor do we now see that the same order made by a judge acting at chambers in vacation, would not be a sufficient expression of a final judicial determination to dissolve an attachment and operate to do so. There is nothing in these conclusions inconsistent with the decision in Sedgwick vs. Dawkins, 17 Fla., 811.

It seems to have been decided in Lyman, Sears & Co. vs. Alexander, 9 Fla., 489, that an order professing merely to *dissolve* an attachment, does not, though made before plea, constitute a final judgment from which an appeal lies, but that to do so it must also expressly *dismiss* the suit. This idea is based upon the language of the statute which is: "When any suit shall be commenced by attachment and the same on motion be dissolved before plea to the action, then, in every such case the suit shall abate and be dismissed from the court." Section 27, p. 116, McClellan's Digest. The reasoning of the Court is that until the formal order of dismissal of the suit is entered, the order of dissolution is interlocutory and not final.

When the attachment is not ancillary to a common law personal action, or, in other words, where the suit is commenced by attachment alone, there is no personal action until the defendant pleads, and hence, up to that point, the attachment proceedings constitute the only suit or action in existence or that can be dismissed. Though it be true that a technical order of dismissal will as a matter of form more fully meet the words of the statute, still we are altogether unable to see that its substantial requirements of what is necessary to finally abate and dismiss the action, are not as perfectly met by the order of dissolution. When the attachment is dissolved nothing is left of the action, and we think that an order made before plea simply dissolving an attachment is as much a final judgment as one purporting to not only "dissolve" the attachment, but also to "dismiss" the suit. When the dissolution takes place before plea, the attachment proceedings, and nothing less, are, in the absence of a common law personal action, the entire "suit" or action. Mitchell vs. Watson, 9 Fla., 162. Where the attachment is ancillary to a personal action, the effect of a

*dissolution* of the attachment in abating the attachment pro-
ceedings is the same as if there was no personal action, and
the fact that such dissolution whenever made has no effect
to abate the personal action, is immaterial in so far as the
abatement of the attachment proceedings is concerned.
Where the attachment is ancillary, its disolution at any time
abates it, and the plaintiff relies upon the principal action
for a personal recovery upon his claim or demand.

2. Another ground of the motion is that there has been
no legal service of the citation. The statute, Section 6, page
841, McClellan's Digest, provides that twenty-five days'
notice of the appeal before the term to which it is returna-
ble shall be given to the appellee, and the rule of court
(Circuit Court Rule 101) adopts a citation as the form of
notice. The citations here were issued by the Clerk of
the Circuit Court of Alachua county, and appear by the
returns endorsed upon them to have been served by the
sheriff of that county, as such sheriff. They are writs of
the Supreme Court, and should have been served by its
sheriff, in person or through a deputy, and due return of
the service should have been made in the name of such
sheriff in the usual form. Under the act of August 1, 1868,
Sec. 3, p. 937, McClellan's Digest, the sheriff of Leon
county is the sheriff of this court, as the court sits in this
county and in no other. This statute repealed the eleventh
section of the act of February 10, 1832, Section 4, p. 937
McClellan's Digest. It has not been made to appear that
the sheriff of Alachua county has ever been appointed a
deputy of the sheriff of this court. It is true that the latter
sheriff did in the year 1885 deliver to the sheriff of Alachua
county, then in office, a paper constituting him "and his
successors in office," his deputy to execute all process of
this court in that county (as with commendable desire to

facilitate the service of all process he did in other counties,) but it has not been made to appear that this paper or other appointment has ever been received by, or that its existence has ever come to the knowledge of, the present sheriff, to say nothing of the fact that as the record stands the service appears to have been made in no other capacity than that of sheriff of Alachua county. Had this paper appointment mentioned been delivered to the present sheriff by his predecessor, as must have been the intention of the sheriff of this court, we cannot see that the service would not be legal, or that the return could not be amended, but upon the facts as they are, the service was illegal and there is no basis for an amendment of the return. It is true the sheriff of this court certifies that the sheriff of Alachua county is now, and has ever since qualifying as sheriff, been recognized by him as his deputy, but we do not think this is sufficient to show that the sheriff of Alachua has received or accepted the above or other appointment as deputy, the certificate, considering the connection in which it is made, being one of a conclusion founded upon the execution and delivery of the above appointment in the year 1885. These views are fully supported by the following cases : Tischler vs. Wall, 20 Fla., 924 ; Knight vs. Weiskopf, 21 Fla., 157 ; Guarantee Trust & Safe Deposit Co. vs. Buddington, 23 Fla., 514 ; Musina vs. Cavazos, 6 Wall., 355.

There having been no legal service of these writs, it is claimed by appellee that the appeals should be dismissed, while on the other hand the appellants ask for new writs to be issued out of this court, returnable to a day in term, or other proper day upon the appeals. In Tischler vs. Wall, the citation was improperly tested, and served by a private person; and in Knight vs. Weiskopf, *scire facias ad audiendum errores* was similarly defective and served by the

sheriff of Duval county, and the appeal and writ of error were dismissed. In Briggs vs. Higgins, 18 Fla., 103, twenty-five days did not intervene between the day of issue of the writ of error and the first day of the term, and the *scire facias* was not served twenty-five days previous to such first day, and the writ was dismissed.

In Knight vs. Weiskopf, and Guarantee Trust & Safe Deposit Co. vs. Buddington, the decisions of the Supreme Court of the United States as to the necessity for citation and service of the same before the term to which an appeal or writ of error is returnable, are reviewed. Dayton vs. Lash, 4 Otto, 112, instituted a change as to the necessity for service prior to the commencement of the term, and permits a new citation to issue during the term of the Supreme Court to which the appeal is returnable and to be served during that term. The fact that the writs in Tischler vs. Wall, and Knight vs. Weiskopf, were defective in matters of form of an amendable nature does not in our opinion preclude the application of the rule adopted there, to a case in which, as in the one before us, there are no such defects, which rule is that where no legal service at all has been made of the writ before the term to which the appeal is returnable, the appeal fails and should be dismissed. This is the rule as it was originally understood in the Supreme Court of the United States, (Bacon vs. Hart, 1 Black. 38, and other cases cited in Knight vs. Weiskopf,) and we deem it more consistent with the provisions of our statute and the practice of this court, and particularly so as to a case in which the writ has not even been placed in the hands of the proper officer for service; and on this ground the appeals will be dismissed.

It will be ordered accordingly.