E. S. ELLSWORTH, APPELLANT, vs. E. S. HAILE ET AL., APPELLEES.

1. Where thirty days do not intervene between the entry of an appeal and the next succeeding term of the Supreme Court, only twenty days' notice of the appeal is necessary; and to enable

the appellant to give the appellee this notice, the appeal may be made returnable to a day in term subsequent to the first day of the term. The practice does not, however, contemplate that the appellant may enter his appeal and use his own convenience as to the time of issuing and serving citation, nor that an appeal shall be brought to a term prior to which there has been no issue of citation.

2. Delinquency on the part of the clerk in preparing an appeal transcript is not an excuse for the failure of an appellant, or his counsel, to observe ordinary diligence in obtaining an appeal citation and having it served.

3. An appeal was entered on the second day of a month, and the next term of the appellate court began on the twelfth day of the month, and on the fifth day of the next succeeding month appellant filed the appeal transcript in the appellate court and moved for a citation returnable to the same term: *Held*, that the appeal was abandoned.

Appeal from the Circuit Court for Alachua county.

Motion for citation to issue.

The facts in the case are stated in the opinion of the court.

*W. W. Hampton* and *A. F. Odlin* for Appellant.

*F. E. Hughes* and *Syd L. Carter* for Appellee.

(Mr. Justice Taylor did not sit in this case).

Raney, C. J. :

An appeal was entered in this cause on the second day of January of the present year to the present

term of the court, which term began on the twelfth day of the same month. The appeal is from an order made on the 16th day of December last overruling certain grounds of a demurrer to a bill in chancery. The transcript was not filed here till the fifth day of the present month (February) at which time a praecipe or application to the clerk, followed by a motion entered on the docket, was made for a citation returnable to the present term. We shall consider the motion as if it had been entered on the day the praecipe was filed.

Where thirty days do not intervene between the entry of an appeal and the succeeding term of this court, twenty-five days' notice of the appeal is not indispensable, but twenty days' notice is necessary, and to enable the appellant to give the appellee twenty days' notice he may make his appeal returnable to a day in the term subsequent to the first day thereof.

The purpose of this provision as to appeals between which and the next term of the court thirty days do not intervene is to avoid the delay incident to the appeal going over t the second succeeding term of this court, and to this end not only is the period of notice reduced to twenty days, but the time actually intervening between the appeal and the first day of the term is permitted to be supplemented by so many days of the term as will reasonably enable the appellant to give the appellee twenty days' notice. The statute,

however, does not contemplate that the appellant may enter his appeal and use his own convenience as to the time of issue and service of the citation, nor that any appeal shall be brought to a term prior to which there has been no issue of the citation. The provision of Chancery Rule 95, that the appellant shall, at the time of entering his appeal, apply to the clerk of the Circuit Court to issue a citation, or that he shall apply to the clerk of this court upon filing the transcript here, was not intended to change the policy of the statute as to the time of the service of the citation. Appellant might have taken a citation from the Clerk of the Circuit Court when he entered this appeal. Delinquency, if there was any, upon the part of the clerk in not preparing the transcript until the 29th day of January, might excuse the mere failure to file the transcript in this court, but does not excuse counsel from the observance of ordinary diligence in obtaining citation and having it served, or change the policy of the law. By waiting till the twenty-fifth day of the term, and thirty-four days after entering his appeal, he has abandoned it, and it should be dismissed.

The motion will be denied and the appeal dismissed.