KENNESAW MILLS COMPANY, PLAINTIFF IN ERROR, vs. J. H. T. BYNUM & CO., DEFENDANTS IN ERROR.

1. The service of a writ of error is properly made by lodging the writ in the court where the judgment sought to be reversed was recovered.

2. The record showing no proper service of the *scire facias* to hear errors on the defendant in error, and no service of the writ of error by lodging it in the proper office until after the expiration of the term to which it was made returnable, the writ of error will be dismissed.

Writ of Error to the Circuit Court for Suwannee county.

Upon motion to dismiss Writ of Error.

*J. C. Gallaher*, for Plaintiff in Error.

*J. S. White*, for Defendants in Error.

MABRY J.:

The Kennesaw Mills Company, suing in such name as a corporation, commenced an action of assumpsit in March, 1888, against J. H. T. Bynum and A. M. Ingersoll as partners doing business under the firm name of J. H. T. Bynum & Co., and on rule day in July of that year an order dismissing the suit on motion of defendants was entered by the clerk. Subsequently motions were made by the plaintiff company before the Circuit Judge to set aside the order dismissing the suit, and the motions being overruled, an appeal was taken from the ruling to the January Term, A. D. 1889, of this court. This appeal was dismissed here on the 15th day of February, 1889, because no appeal bond had been filed by appellant, and permission was then granted him to use the transcript of the record on file on a writ of error. On the same day writs of error and *scire facias ad audiendum errores* were issued from this court, returnable to the following June Term, 1889. The *scire facias* to hear errors was received by the sheriff of Leon county on the day of its issuance, and was on the same day executed "by serving a true copy on Joe White, attorney of record in within case." From the endorsements on the writ of error it appears that it was received by the sheriff of Suwannee county on the 17th day of February, 1889, and was executed March 17th, 1890, by delivering a copy to the Clerk of the Circuit Court for Suwannee county, and at the same time reading to him the original. The acts of the sheriff of Suwannee county were in his capacity of sheriff of that county, and not as deputy of the sheriff of this court. There is also the following endorsement on the writ of error, over the signature of the

Clerk of the Circuit Court of Suwannee county, *viz:* "The execution of this writ appears by the certified transcript now on file in the Supreme Court. This March 17th, 1890." Defendants in error in March, 1890, made a motion to dismiss the writ of error because it had not been served until after the expiration of the term to which it was returnable, and had not been served by the sheriff of this court, and no proper bond had been executed. The motion must now be disposed of on the above state of facts disclosed by the record before us.

The service of the *scire facias* was not in compliance with the statute (sec. 2, page 843 McClellan's Digest). The motion to dismiss the writ of error is not on account of the failure to legally serve the *scire facias,* but proper service of this writ is essential to the validity of the writ of error. Christopher *et al.,* vs. Newnham, decided at this term. There is nothing to show that the writ of error was ever served upon the Clerk of the Circuit Court of Suwannee county until long after the expiration of the term of this court to which it was made returnable. The acts of the sheriff of Suwannee county in relation to this writ can have no legal efficiacy here, as he acted as the sheriff of that county, and there is no showing that he was acting in the premises as the deputy of the sheriff of this court. Williams vs. Hutchinson, 26 Fla., 513, 7 South. Rep., 852. It may be stated that the service of a writ of error is made by lodging it in the court where the judgment sought to be reviewed was recovered. State vs. Mitchell, 29 Fla., 302, 10 South. Rep., 746. The endorsement by the clerk on the writ of error, it may be conceded, is evidence of its lodgment and service in the proper office, but this was not until the 17th day of March, 1890, after the expiration of the term to

which the writ was returnable. There is nothing in the nature of evidence before us to show how the writ got into the hands of the sheriff of Suwannee county, or why it was that it was not served by lodging it in the office of the Circuit Court, where the judgment was entered, before its return day. It is evident that the writ of error on the record presented must be dismissed.

We have no legal service of the *scire facias ad audiendum errores* on the defendants in error, and no service of the writ of error itself until long after the expiration of the term of court to which it was returnable. Judgment will therefore be entered sustaining the motion to dismiss the writ of error.