JOHN G. CHRISTOPHER AND W. B. BARNETT, EXECUTORS, ETC., PLAINTIFFS IN ERROR, VS. THOMAS NEWNHAM, DEFENDANT IN ERROR.

1. The issuance and service of a *scire facias ad audiendum errores*, in the absence of any waiver on the part of the defendant in error, are essential to give this court jurisdiction of his person; and it is also essential to the validity of a writ of error that there be returnable therewith a scire facias to hear errors, and where the scire facias has been correctly issued but not properly served on the defendant in error, or waived by him, the writ of error will be dismissed.

2. The scire facias to hear errors, under Section 1274, R. S., can not legally be served upon the attorney of record in the court below of the defendant in error when he is a resident of this State and in the State at the time of the service of such writ.

3. If it be that an alias scire facias can issue and be made returnable after the return day of the writ of error, the failure to issue and serve the original must not be attributable to any default on the part of the plaintiff in error.

Writ of Error to the Circuit Court for Suwannee county.

The facts of the case are stated in the opinion of the court.

*Blackwell & Rees*, for Plaintiffs in Error.

*J. N. Stripling*, for Defendant in Error.

MABRY, J.:

On November 23rd, 1893, judgment was rendered against plaintiffs in error in a certain suit wherein they were claimants, and the defendant in error was plaintiff in a certain execution levied upon personal property, the subject-matter of the claim suit. On the 24th of March, 1894, plaintiffs in error sued out a writ of error from this judgment, returnable to the present June term of this court, and at the same time a *scire facias ad audiendum errores* was issued by the Clerk of the Circuit Court of Suwannee county, in which office the writ of error was issued. Defendent in error, on special appearance for that purpose, has moved to dismiss the writ of error on the grounds that no *scire facias* to hear errrors has been served upon him, and that the attempted service of such writ is not binding upon him. Plaintiffs in error have entered a motion for the issuance of an *alias scire facias ad audiendum errores*, to be heard at the time of the hearing of the motion of defendant to dismiss the writ of error. The original return of the sheriff of Suwannee county, as deputy of the sheriff of the court, on the *scire facias*, recited that said writ was received on the 17th day of May, 1894, and was on that day served upon M. E. Broome, attorney of record for the defendant in error in the Circuit Court, the defendant in error being absent from the State. Subsequently an affidavit was filed in this court by the sheriff stating that the return was, in certain particulars, untrue, and praying that the same might be amended according to the facts, and permission was given for the amendment to be

made. The return as amended recites that the *scire facias* was served on the 17th day of May, 1894, upon M. E. Broome, attorney of record for defendant in error in the Circuit Court, said defendant being absent from Suwannee county, but within the State of Florida. The record does not show that M. E. Broome was attorney for defendant in error in the claim suit in the Circuit Court. He was attorney of record for the defendant in error in obtaining the judgment from which the execution issued, but J. N. Stripling appears as attorney of record for defendant in error in the claim proceedings. From the affidavits before us it appears that M. E. Broome assisted J. N. Stripling in the claim suit, but that he did so at Stripling's request, and was not employed by defendant in error. and was not his attorney in the claim proceedings. The *scire facias* was served by the sheriff upon Broome at the instance of one of the attorneys for plaintiffs in error, and it is made to appear that said attorney was informed by Broome long before the time of the service that he was not the attorney of defendant in error in the claim suit, and was not authorized to represent him. The defendant in error was a resident of Clay county in this State, and was in that county when the *scire facias* was served upon Broome. It is further made to appear from affidavits on file that soon after the writs of error and *scire facias* were issued, the attorneys for plaintiffs in error took the record to their office for the purpose of preparing a brief in the case, and that in making the brief the *scire facias* was misplaced. On the 3rd or 4th of May, 1894, when counsel looked for the *scire facias*, with a view of having Mr. Stripling, counsel for defendant in error, accept service of it, they were unable to find it, and procured the clerk to issue another *scire facias* of same date of the orig-

inal. Stripling was requested by correspondence and personal interview extending from the 4th to the 9th of May, to accept service of the last writ, and he finally declined to do so. On the last mentioned date counsel for plaintiffs in error, ascertaining from Stripling that defendant in error was in Clay county, mailed the writ to the sheriff of that county with instructions to serve it upon the defendant. Not having heard from the sheriff of Clay county in reference to the writ up to the 17th of the same month, counsel made another search for the original *scire facias*, and after considerable search found it under the fly-leaf, or blotter, of an unused letter pad. The original writ was then placed in the hands of the sheriff of Suwannee county, and, by direction of counsel for plaintiffs in error, served upon Broome, he stating at the time that he was not the attorney of the defendant (Newnham). Counsel for plaintiffs in error further state in affidavit that they had since learned that at the time the *scire facias* was sent to the sheriff of Clay county he was at the point of death, caused by a wound received about the 5th of May, 1894, from the effects of which he died, and that on the 28th of May they received a telegram from the successor in the sheriff's office in Clay county, stating that he had found the *scire facias* among the papers of the deceased sheriff, and asking if it should be served, and in reply he was notified not to serve the writ, as the time had expired in which to make service.

As appears from what has been stated, the paper referred to as the *alias scire facias* was not served upon any one, and our conclusion is that the attempted service of the original writ on M. E. Broome is ineffectual to give this court jurisdiction of the person of the defendant in error. It clearly appears from affi-

davits on file that he was a resident of Clay county in this State, and was in that county when the service was made on Broome. The amended return of the sheriff shows that the defendant in error was in the State when said service was attempted to be made. Section 1274 R. S. provides that writs of *scire facias* "shall be served on all defendants in error resident in this State, as other writs are served," and that "if the defendant in error be a non-resident of the State, or be not in the State, service of the *scire facias* may be made upon his attorney in the court below, or upon his legally authorized agent, or notice may be given by publishing the *scire facias* in a newspaper published in the county where the appellate court will sit to hear the case, once each week for four successive weeks." The service attempted in the present case was upon the attorney of record of the defendant in error, and if it be conceded that the person upon whom such service was made was such attorney, it could not legally be made upon him while the defendant was a resident of the State and in the State at the time of service. But from the showing made it must be conceded that Broome was not the attorney of record of defendant in error in the claim suit, and this fact was known to the attorneys for plaintiffs in error, and was communicated to the sheriff at the time of the attempted service. The result is that there has been no legal service of the *scire facias* upon the defendant in error. The issuance and service of such writ, in the absence of any waiver on the part of the defendant in error, are essential to give the court jurisdiction of his person, and to authorize an adjudication of the cause. Oppenheimer vs. Guckenheimer, 34 Fla., 13, 15 South. Rep., 670. The statute provides that "the clerk, or judge if there be no clerk, issuing the said

writ of error shall issue to the defendant in error a *scire facias* to hear errors, which shall be made returnable with the said writ of error, and shall be served twenty-five days before the return day." The settled rule of construction adopted by this court is that a *scire facias* to hear errors returnable [with the writ of error is essential to the validity of such writ, and where such *scire facias* has been issued, but not properly served upon the defendant in error, or none of them where there is more than one, the writ of error will be dismissed. This was the rule established by the Supreme Court of the United States prior to the decision in Dayton vs. Lash, 4 Otto, 112, and this court has followed it. A consideration of the cases on the subject in this court will leave no room for doubt as to the settled rule here: Tischler vs. Wall, 20 Fla., 924; Knight vs. Weiskopf, 21 Fla., 157; Comp. vs. Toale, 24 Fla., 19, 3 South. Rep., 413; Guarantee Trust & Safe Deposit Co. vs. Buddington, 23 Fla., 514, 2 South. Rep., 885; Williams vs. Hutchinson, 26 Fla., 513, 7 South. Rep., 852; Jenssen vs. Walther, 26 Fla., 448, 7 South. Rep., 854; Ellsworth vs. Haile, 29 Fla., 256, 10 South. Rep., 612.

Plaintiffs in error have, during the term to which the writ of error is made returnable but subsequent to the return day thereof, made a motion for the issuance of an *alias scire facias* to be served on the defendant in error. In Williams vs. Hutchinson, *supra*, where there had been no proper service of the citation, the appellant, on motion to dismiss an account of the defective service, asked for the issuance of new writs out of this court returnable to a day in term, or other proper day, and it was refused. A *scire facias*, proper in form, had been issued, but not served by a deputy of the sheriff of this court. In Driggs vs. Higgins,

19 Fla., 103, where twenty-five days did not intervene between the issuing of the writ of error and *scire facias* and the first day of the ensuing term of this court, a motion was made to amend the writ of error by striking out the day to which it was made returnable and inserting another day then passed, and it was held that the writ was not amendable in the particular mentioned. In the case of Knight vs. Towles, 32 Fla., 473, 14 South. Rep., 91, an order for a writ of error and the allowance of a supersedeas upon giving the proper bond, was made by a Circuit Judge, but no writ of error was issued. After the expiration of the six months, the period allowed for bringing error, a motion was made in this court for the issuance of the writ *nunc pro tunc* as of the date of the Circuit Judge's order, and this motion was denied. The necessity of the issuance and service of the writ of error in proper time was clearly stated in this case, as it had been in others. It was also decided that if it be that a writ of error can ever be issued and served *nunc pro tunc*, after the lapse of the time allowed by law for bringing suits in error, the default must be attributable solely to official delinquency in the premises.

In reference to the issuance of an *alias scire facias*, if it be that such a writ can issue and be made returnable after the return day of the writ of error, the failure to issue and serve the original must not, we think, be attributable to any fault on the part of the plaintiff in error. Our conclusion is, that the motion for an *alias scire facias* must be denied. The writ was isued on the 24th day of March, 1894, and was taken by counsel for plaintiffs in error to their office, and it was not until the 3rd or 4th day of May following before any attention was given to its service. Without discussing the evidence before us as to the

service of the writ, and not overlooking the statement
that the original writ was mislaid and subsequently
found, and the effort to have the *alias* served, we do
not think it can be said that the failure to have proper
service on the defendant in error in time is not at-
tributable to any fault on the part of plaintiffs in
error.

The motion to dismiss the writ of error will be sus-
tained, and the motion for *alias scire facias* will be
denied. Judgment to be entered accordingly.