JOHN J. GERIG ET AL., APPELLANTS, VS. DIAMOND PHOSPHATE COMPANY, APPELLEE.

1. It is the rule of this court, established by previous decisions, that there must be a *scire facias*, or citation, returnable with the writ of error, or appeal, and service of the *scire facias*, or citation, within the time prescribed by statute before the return day of the cause; otherwise the writ of error, or appeal, fails and will be dismissed.

2. The appeal in this case dismissed upon showing that it was entered more than thirty days before the January term, 1896, of this court, and the citation was not issued until the 11th day of January of this year—only three days before the return day of the cause—and was made returnable to the 25th day of February following.

Appeal from the Circuit Court for Citrus county.

The facts in the case are stated in the opinion of the court.

Motion to dismiss Appeal.

*Anderson* and *Hocker*, for the Motion.

*L. N. Green, contra.*

*To the Supreme Court of Florida :*

It is contended by appellee that our appeal should be dismissed because the citation was not issued at the time the entry of appeal was made, citing Rule 95 of Equity Practice in this State.

At the time this rule was framed there was no statute on the subject of citations in chancery (23 Fla. 518), but Rule 95 is founded upon sec. 3, Chapter 1626, acts of 1868, we presume.

Nor was there, prior to the Revised Statutes as far as we have been able to discover, any authority to make a citation or writ of error returnable only at the first day of the term.

Now, however, we have statutes which provide for the issuance and service of citations (R. S. 1461) which shall be returnable, and shall be served in like manner and time as writs of sci. fa. to hear errors (sec. 1273), which latter is to be made returnable with the writ of error and served twenty-five days before the return day.

The writ of error shall be returnable to the first day of the term if thirty days intervene between that and the date of the writ, if not then it may be returnable in term, not less than thirty nor more than fifty days from the date of the writ. Sec. 1270.

Now, it will be seen that a citation may be returned in term if not issued thirty days before the first day of the term, but by the old rule it would have been returnable to the first day of the succeeding term even if it had been issued prior to the present term if thirty days had not intervened between the date of the writ and first day of the term. Nowhere, since the passage of the Revised Statutes or before, other than by Rule 95, have we been able to discover an authority which

required the citation to be issued at the same time the appeal was taken, nor are we able to discover any authority which makes the failure to have the citation issued at that time a ground for dismissal.

In appeals at law the statute (McL. sec. 6, 841) provided specially that the notice of such appeal should be given before the first day of the term, and our Supreme Court has held in matters of law it was more consistent with the provisions of our statute and the practice of the court that where no legal service at all has been made of the citation before the term to which the writ is returnable, the appeal should be dismissed (26 Fla. 519), thus refusing to accept the rule of the U. S. Supreme Court, which permitted the taking out of citations at any time during the term at which said appeal was returnable, but in matters of chancery practice our Supreme Court is more liberal than the S. C. U. S. See 23 Fla. 528.

Why the practice adopted by the U. S. S. C. should not be adopted under our present statutes, which have made it possible to have these writs on appeal returned during term, by this court we can see no reason. As this court well knows, it takes a great length of time frequently to get up the record on appeal, in this case from November to January, at least fifteen days notice must be given the appellee after entering the appeal and before the clerk of the lower court can begin work on the record, and we see no sound reason why the citation should be absolutely required, on pain of dismissal, to be issued at the same time the entry of appeal is made, rather than at any time during that term and after the record is properly prepared but in time

so the appeal may be properly perfected at that term. See Radford vs. Folsom, 123 U. S. 725.

The court will notice that there were two services of the writ; the first we recollect to have been made on an agent of the D. P. Co. in Citrus county, and this was made in the absence of all other officers of the company as we were informed by the sheriff, and more than twenty-five days before its return; besides we were unable to get possession of the writ to send to the sheriff of Lake county earlier than the 1st of February as we recollect now; consequently we request that if the court deem it necessary we may be permitted to amend the original return to suit the facts, or that we be permitted to have the issuance of a new citation returnable according to law.

Again, citation may be waived by endorsement of counsel for defendant in error by endorsement on a bond given as security for costs on the writ of error. Foster Fed. Prac. sec. 484, page 1044:

As a matter of abstract justice we think that a motion like this should be refused where it is not made at the earliest possible moment, and not wait until it is too late for us to take another appeal after hearing the decision of this court upon the motion, should that decision be adverse to us. That this is the law, see 2d Enc. of Plead. and Prac. 348, sec. 12, citing Anderson vs. Webster, 30 Fla. 220, citing Peace vs. Lanier, 25 Fla. 558.

In the case in 30th Fla., the court will notice that the citation was not issued for a considerable length of time after the appeal was entered.

Now in this case presented the last decrees appealed from bear date September 16th, 1895, after which we have six months to take our appeal (Chap. 4130, acts

of 1893, laws of Florida), consequently if our appeal is dismissed on this motion, made a considerable time after the limitation had expired, we are barred of any appeal whatever.

Citation may be waived by endorsement of counsel for defendant in error on a bond given as security for costs on the writ of error. Foster's Fed. Prac. sec. 484, page 1044.

Now why would not an acceptance of service of the copy of the record made by the solicitor for the D. P. Co. upon the original record now in this court be a waiver of the citation?

MABRY, C. J.:

In February, 1895, appellant John J. Gerig filed a bill in chancery against Albert D. Wright and N. B. K. Pettingill; and subsequently other parties, including the Diamond Phosphate Company, by intervention, became parties to the suit. The proceedings in the case are various, and many interlocutory orders were made therein, dating from May 3d, 1895, to September 16th of the same year. All of the parties to the proceedings except the Diamond Phosphate Company felt aggrieved by the orders made in its favor, and on the 25th day of November, 1895, entered an appeal from the orders made, including some fourteen in number.

No citation was issued on the appeal until the 11th day of January, 1896, and was made returnable on the 25th day of February of the present year, a day during the January term, 1896, of this court. The transcript of the record was filed in this court on the 12th of February last, and on that day an order for a supersedeas was made.

The Diamond Phosphate Company has appeared specially and moved to dismiss the appeal: 1st. Because the appeal was entered on the 25th of November, 1895, and the citation was not issued until the 11th of January, 1896, and made returnable to February 25th, 1896. 2d. That the citation was irregular and defective, in that it was not issued as required by Rule 95 governing suits in equity in the Circuit Court. 3d. The appeal having been entered on the 25th of November, 1895, the citation should have been made returnable to the first day of the present term of this court, and served twenty-five days before the term. 4th. The citation was not served upon appellee as required by law.

The appeal must be dismissed without reference to the question of the service of the citation. Section 1461 Rev. Stat. provides that if notice of appeals in chancery be in open court, no further notice shall be required; "but if it be given in vacation, the Clerk of the Circuit Court shall issue to the appellee a citation, which shall be returnable, and shall be served in like manner and time as writs of *scire facias ad audiendum errores*." Section 1273 directs that the clerk, or judge if there be no clerk, issuing a writ of error shall issue to the defendant in error a *scire facias* to hear errors, which shall be made returnable *with the writs of error*, and shall be served twenty-five days before the return day. The writ of error must be returnable to the first day of the next succeeding term of the appellate court, unless said first day shall be less than thirty days from the date of the writ, when it shall be made returnable to a day in such next succeeding term, more than thirty days and not more than fifty days from the date of the writ. Sec. 1270 Rev. Stat.

In the case of Driggs vs.. Higgins, 19 Fla. 103, de-
cided in 1882, a motion was made to dismiss a writ of
error because the *scire facias* was not served twenty-
five days previous to the first day of the term to which
the writ of error was returnable, and it appearing that
such was the case, the motion was granted. It also
appeared in the case that twenty-five days did not in-
tervene between the issuance of the writ of error and
the return day thereof, and as application was made
to amend the writ. It was said that "the defect in the
writ of error is not amendable in the manner desired.
The writ as it now stands is void and illegal." This
court has clearly announced the rule, as will be seen
by an attentive reading of the decisions on the sub-
ject, that there must be a *scire facias* or citation re-
turnable with the writ of error or appeal, and that
there must be legal service of the *scire facias* or cita-
tion within the time prescribed before the return day
of the cause; otherwise the writ of error or appeal
fails, and will be dismissed. Tischler vs. Wall, 20
Fla. 924; Knight vs. Weiskopf, 21 Fla. 157; Guaran-
tee Trust and Safe Deposit Co. vs. Buddington, 23 Fla.
514, 2 South. Rep. 885; Williams vs. Hutchinson, 26
Fla. 513, 7 South. Rep. 852; Oppenheimer vs. Guck-
enheimer, 34 Fla. 13, 15 South. Rep. 670; Christo-
pher vs. Newnham, 34 Fla. 370, 16 South. Rep. 274;
First National Bank of Orlando vs. King, 36 Fla. ——,
18 South. Rep. 1; Weston vs. Bonney, decided at the
present term. Where a writ of error is sued out or
appeal entered more than thirty days before the next
term of this court, they must be made returnable to
the first day of the term, and the *scire facias* or cita-
tion must also be made returnable with the cause to

which it relates, and served twenty-five days before the return day.

In the present case the appeal was entered more than thirty days before the first day of the present term, and the citation was not only not served twenty-five days before the return day, but did not issue until the 11th day of January, only three days before such return day, and was made returnable to a day to which no appeal was returnable.

An order dismissing the appeal will be entered.