Samuel R. Pyles et al.  v.  John D. Beall.—Syllabus.

1. Writs of *scire facias ad audiendum errores* must be served on defendants in error resident in this State as other writs are served.

2. When the defendant in error has a usual place of abode in the State, service of the *scire facias* may be had on him by leaving a copy of the writ at such abode with some person of the family above fifteen years of age and informing such person of

Samuel R. Pyles et al. v. John D. Beall.—Opinion of Court.

the contents thereof. In such case service of the writ upon the attorney in the court below of the defendant in error alone will amount to no service at all.

3. Where there has been a total failure to serve the *scire facias* twenty-five days before the return day of the writ of error, under the practice established by this court for many years' standing, the writ of error fails and will be dismissed.

4. Papers required to be served under the rules of this court are not intended to take the place of statutory writs essential to confer jurisdiction of the person of the defendant, and the mere acknowledgment of service of a copy of such papers does not of itself amount to a voluntary appearance in this court.

Writ of Error to the Circuit Court for Alachua county.

The facts in the case are stated in the opinion of the court.

Motion to dismiss Writ of Error.

*S. Y. Finley* and *Thos. F. King*, for Motion.

*W. S. Bullock, Hampton & Ammons, contra.*

MABRY, C. J.:

In May, 1894, plaintiffs in error commenced an action of ejectment against defendant in error to recover possession of certain real estate situated in Alachua county, and by the decision of a referee, to whom the case was referred, filed in the clerk's office in July, 1895, judgment was rendered for the defendant. On the 5th of October, 1895, writs of error and *scire facias ad audiendum errores* issued from the office of the Clerk of the Circuit Court for Alachua county, returnable to the first day of the January term, A. D. 1896, of this court. An endorsement on the *scire*

*facias* shows that it went into the hands of the sheriff of Alachua county on the day of its issuance, and was served on the 19th day of December following, on one of the defendant's attorneys of record in the lower court. The sheriff further returns that after diligent search the defendant in error could not be found in Alachua county. There is also an endorsement on the *scire facias* that it went into the hands of the sheriff of Levy county on the 27th of November, 1895, and that he could not find the defendant in error in that county, after diligent search. After a special appearance for the purpose, a motion has been made to dismiss the writ of error on the ground that the *scire facias* has not been properly served on the defendant. The affidavit of the sheriff of Alachua county, filed by plaintiffs in error, states that early in October, 1895, after receiving the *scire facias*, said sheriff began to make search for defendant in error, and went in person early in October to where he was informed defendant lived, and made inquiry for him, but could not find him after diligent search; that said sheriff sent the writ to one of his deputies in the neighborhood of the land in question, where it was supposed defendant lived, and the deputy kept the writ for more than a week and reported that the defendant in error could not be found; that said sheriff reported the matter to attorneys for plaintiff in error and permitted them to take the writ to Levy county to be served, information having been received by the sheriff that the defendant was in that county, and sometime thereafter said attorneys returned the writ to said sheriff of Alachua county, with the information that the defendant could not be found in Levy county, and urged upon him, said sheriff, the importance and

necessity of making service upon the defendant; that said sheriff again made search for defendant in Alachua county, but he could not be found, and said attorneys again took the writ to have it served on the defendant in Levy county; and thereafter, receiving the writ for the third time and again making search for defedant in Alachua county without finding him, the return on the writ was made. The affidavit of. the sheriff of Levy county states, in effect, that he received the *scire facias* with notice from the attorneys for plaintiffs in error that institutions would follow as to the whereabouts of defendant, and about the 8th of November, 1895, a letter was received stating that he would be at a certain place in Levy county at a given time; that said sheriff visited the place and was informed that defendant had not come to Levy county; that afterwards said sheriff, by directions of the attorneys for plaintiffs in error, returned the writ to Alachua county; that thereafter, being advised that defendant had been in Levy county, the sheriff of that county again requested a return of the writ for the purpose of serving it, but after diligent search the defendant could not be found, and the writ was again sent to the attorneys for plaintiffs in error with the return thereon. The affidavit of the defendant in error states that he had been a resident of this State forty years, and for the entire time of 1895 was a citizen of the State, and his usual place of abode was in Alachua county, and that he was not out of the State during the entire time of said year, nor has he been out of the State since that time. He also states that since the 5th day of October, 1895, he had been to Gainesville, the county seat, several times, and was in Gainesville during the sitting of the Circuit Court for the

Fall term, about the 10th of December, 1895; and that he was in the town of Bronson during the sitting of the Circuit Court of Levy county for the Fall term, 1895, and no writ of any kind was served on him in either county.  The affidavits of two other parties corroborate the statement of defendant in error as to his residence in Alachua county, Florida, and that he had a usual place of abode in said county during the year 1895, and was in the State and county during said year.

Abstracts of the record in the cause were prepared, and on January 4th, 1896, counsel for defendant in error acknowledged service of a copy of the abstract, written on one subsequently filed here, as follows: "We acknowledge service of a copy of the foregoing abstract," and signed by counsel.  A copy of the assignment of errors was also acknowledged by one of the counsel for defendant in error, on the 14th of October, 1895, as follows: "I acknowledge service on me of a copy of the within assignment of errors, this October 14th, 1895," and this is signed by counsel.

We do not understand counsel for plaintiffs in error to claim that the service of the *scire facias* on the attorney for defendant in the court below is sufficient under our statute.  It is conceded that the record of the suit in the lower court shows that defendant was a resident of Alachua county, and the affidavits filed here shows that he was such resident with a usual place of abode in said county during the entire year 1895.  The statute provides that writs of *scire facias* shall be served on defendants in error resident in this State as other writs are served.  "If the defendant in error be a non-resident of the State, or be not in the State, service of the *scire facias* may be made upon

his attorney in the court below, or upon his legally authorized agent, or notice may be given by publishing the *scire facias* in a newspaper published in the county where the appellate court will sit to hear the case, once each week for four successive weeks." Rev. Stat. sec. 1274. The defendant being a resident in this State, service could not be effectually made on the attorney so as to bring the former into this court without his consent. Christopher vs. Newnham, 34 Fla. 370, 16 South. Rep. 274.

The contention here is, that the acknowledgment of service of copies of abstract and assignment of errors was a waiver of the *scire facias* and a voluntary appearance of the defendant in this court. We do not think so. If the papers had been served on counsel by an authorized officer it could not, with any propriety, be claimed that such service obviated the necessity of the issuance or service of the writ essential to give this court jurisdiction over the person of the defendant. The papers required to be served under the rules of this court are not intended to take the place of statutory writs essential to confer jurisdiction of the person of the defendant. The writ of *scire facias ad audiendum errores* is the statutory process devised for bringing the defendant in a writ of error suit before this court, and, as we have pointed out, it must be served upon the defendant in error in case he is a resident of this State. Its issuance and service, it is true, may be waived by a voluntary appearance in this court, but the mere acknowledgment of service of a copy of a paper, required by the rules of this court to be served, does not, in our judgment, amount to a voluntary appearance in this court. It amounts to nothing more than a waiver of the necessity of having a

copy of the paper served in some legal mode. The refusal of the attorneys to acknowledge service of a copy delivered could not, of course, prevent the service in a proper manner, and by simply acknowledging the fact that a copy of a paper was delivered does not show such active voluntary appearance in the case as to waive defects in the service of the *scire facias*. We recognize the rule stated in Williams vs. LaPenotiere, 26 Fla. 333, 7 South. Rep. 869, and Oppenheimer vs. Guckenheimer, 34 Fla. 13, 15 South. Rep. 670, cited by counsel, that a voluntary appearance in this court will waive the necessity of the issuance or service of a *scire facias*, but the present case does not show, in our opinion, any voluntary appearance.

Counsel for plaintiffs in error ask, in the event it shall be held that defendant in error had not voluntarily appeared in the case, that an *alias scire facias* be issued to bring him before the court. The rule established by the decisions of this court, as stated in Williams vs. Hutchinson, 26 Fla. 513, 7 South. Rep. 852, is, "that where no legal service at all had been made of the writ before the term to which the appeal is returnable, the appeal fails and should be dismissed." This was the rule in the Supreme Court of the United States, as it was understood to be prior to the decision in Dayton vs. Lash, 4 Otto, 112, and it was deemed more consistent with the provisions of our statute and practice. Christopher vs. Newnham, 34 Fla. 370, 16 South. Rep. 274, and cases cited. It has never been decided here that an *alias scire facias* can issue on a writ of error after the return day of such writ, when there has been a total failure to serve the original on the defendant, or some of the defendants, when there are more than one. Under the practice of the Supreme

Court of the United States, commencing with Dayton vs. Lash, *supra*, it can be done, but this court has expressly declined to follow the recent practice of that court, and has adhered to the former one as it was understood to obtain there. In Christopher vs. Newnham, *supra*, it was said that if an *alias scire facias* can issue and be made returnable after the return day of the writ of error, the failure to issue or serve the original must not be attributable to any fault on the part of the plaintiff in error. In the present case it is clearly shown that defendant in error resided in Alachua county in this State and had his usual place of abode in said county. Service of the *scire facias* could have been made on him as other writs are served, and it seems strange to us that service was not made, as it could have been, by leaving a copy of the writ at the usual place of abode of the defendant, with some person of the family above fifteen years of age, and informing such person of the contents thereof. It was decided in Guarantee Trust & Safe Deposit Co. vs. Buddington, Wilson & Co., 23 Fla. 514, 2 South. Rep. 885, that under the act of 1832, providing, in effect, that the *scire facias* shall be served *on the defendant in error*, if the party to be served was neither a non-resident nor out of the State, service could be made on him in the manner authorized for serving summons *ad respondendum*.

Under the Revised Statutes (sec. 1274) we think it is clear that the writ could have been served on the defendant in error by leaving a copy at his usual place of abode as above indicated. The efforts of the sheriff to obtain personal service on defendant in error were under the direction of counsel for plaintiffs in error, and while great diligence is shown to obtain personal

service, there was an ignoring and total failure to accomplish service by leaving a copy at defendant's usual place of abode, and which could have easily been done. The failure to make the service, or direct it to be done, in the manner indicated can not be regarded otherwise than as negligence on the part of plaintiffs in error.

Our conclusion is, that the writ of error must be dismissed, and it will be so ordered.